**In re Paul G. EVANS, Respondent.**

No. 86–9504.

United States Court of Appeals,
Fourth Circuit.

Nov. 23, 1987.

## ORDER

Before the Court for consideration is an original proceeding to determine whether Paul G. Evans should be disbarred from practice in this Court. On March 10, 1986, this Court issued an order to Evans, pursuant to Local Rule 46.6(a)(2), to show cause why his disbarment by the Maryland District Court should not result in similar action by this Court. The matter was placed in abeyance pending disposition of Evans' appeal of the district court disbarment order. This Court upheld the disbarment and the Supreme Court denied Evans' Petition for a Writ of Certiorari. Evans' disbarment from the practice of law in the United States District Court for the District of Maryland is final and this Court has now reactivated the Show Cause Order of March 10, 1986.

Upon consideration of Evans' Brief as well as the record of the district court's disbarment proceedings and appeal thereto, we find that Evans has not shown good cause why he should not be disbarred by this Court.

This Court may conduct, in accordance with its rules, disciplinary pro-

ceedings and levy appropriate sanctions. Moreover, the record of prior disciplinary proceedings in district court are of substantial relevance in determining whether an attorney should be disbarred from practice before this Court. In *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), the Supreme Court held that the decision of the highest court of a state, which has disbarred an attorney, will be accorded great deference. In *Selling,* the Court held that it would abide by the state court decision unless:

from an intrinsic consideration of the state record one or all of the following conditions appear: (1) that the state procedure, from want of notice or opportunity to be heard, was wanting in due process; (2) that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty accept as final the conclusion on that subject; or (3) that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice we are constrained to do so.

We conclude that *Selling* also applies in the situation where the district court has disbarred an attorney.

Clearly, the district court's actions in Evans' case pass the *Selling* test. Evans was given sufficient notice and was provided an opportunity to be heard by the district court. The district court's failure to hold an evidentiary hearing is irrelevant because procedural due process in a disbarment proceeding does not require a hearing of that nature be given to the attorney. *In re Chipley,* 448 F.2d 1234 (4th Cir.1971). The second prong of the *Selling* test was satisfied because the district court's proceedings did not suffer from an infirmity of proof. The court's disbarment of Evans was amply supported by the record and did not exceed the limits of the court's discretion. The third prong of *Selling* has also been satisfied because Evans has offered no "grave reason" that would require this Court to apply a different sanction than that imposed by the district court. Clearly, if Evans had been disbarred by a state court, deference by this Court to that decision would be appropriate under *Selling.* The same standard should apply to a decision of the district court.

Evans contends Fed.R.App.P. 46(b) requires that he be given a *de novo* review by this Court that would include a right to call witnesses. We disagree. If the three prongs of *Selling* are met, a court need not consider more than the record of the proceedings and the oral argument of a petitioner when relying on a disciplinary decision of another court. The hearing contemplated by Rule 46(b) is in the nature of oral argument on respondent's challenge to state proceedings under *Selling. Matter of Jafree,* 759 F.2d 604 (7th Cir.1985). Evans appeared before this Court at oral argument in his appeal of the district court proceedings. In addition, he had the opportunity to appear before this Court at oral argument in this proceeding but declined to do so.

This Court's Local Rule I.O.P. 46.-6(b) states that the identical discipline imposed by another court is presumed appropriate for discipline in this Court. This Court held that Evans' disbarment by the district court was amply supported by the record, thus we find it appropriate to impose the same discipline.

It is, therefore, ORDERED that Paul G. Evans be disbarred from the practice of law before this Court.

ENTERED at the direction of Judge Hall with the concurrences of Judge Widener and Judge Murnaghan.