838 P.2d 1272

**In the Matter of a Member of the State Bar of Arizona, Martin P. ROSENZWEIG, Respondent.**

No. SB–90–0038–D.
Comm. No. 89–1639.

Supreme Court of Arizona
Before the Disciplinary Commission.

Sept. 18, 1992.

Michael S. Reddig, State Bar Counsel.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that MARTIN P. ROSENZWEIG, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of three years, effective as of the date of this Judgment and Order, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, MARTIN P. ROSENZWEIG shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against MARTIN P. ROSENZWEIG for costs incurred by the State Bar of Arizona in the amount of $900.86, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

In the Matter of

MARTIN P. ROSENZWEIG,

a Member of the State

Bar of Arizona,

RESPONDENT.

Comm. No. 89–1639

DISCIPLINARY COMMISSION REPORT

Filed April 13, 1992

This matter came on for review before the Disciplinary Commission of the Su-

preme Court of Arizona on March 14, 1992, on the State Bar's objection to the hearing committee's recommendation of censure. Oral argument was waived by stipulation.

### Decision

After consideration of the record on appeal, the Commission, by a vote of nine aye, adopts the findings of fact and conclusions of law of the hearing committee. However, the Commission rejects the committee's recommendation of censure and, by a vote of six to three,[1] recommends that Respondent be suspended for a period of three years, and that he pay the costs and expenses incurred by the State Bar.

### Facts

The findings of fact of the hearing committee, to which Respondent did not object, indicate that Respondent had rented some real property in Flagstaff, Arizona to a woman who subsequently failed to pay her rent. Respondent attempted through various forcible detainer actions to have her removed. These had proved unsuccessful and inconvenient, as the property and venue was in Flagstaff. Respondent went to Flagstaff and obtained the tenant's signature on an installment promissory note, which was later altered by Respondent by adding language to the effect that " ... any suit to collect may be brought in Plaintiff's domicile." When the tenant failed to comply with the terms of the note, Respondent filed a lawsuit in Maricopa County.

Respondent defended his choice of venue to the court by presenting the installment note, which included, above the signature line, the additional handwritten language. The committee found that this language was not on the document when it was originally signed; Respondent added that language later without the tenant's knowledge or consent, in an attempt to deceive the court and cause hardship to his tenant.

The committee also found that, in letters to the State Bar responding to their inquiries into this matter, Respondent falsely claimed the handwritten language was added at the time the note was executed. He also misrepresented that there were two originals of the note, and that his original included the language regarding venue. Respondent made these same claims under oath before the hearing committee.

### Discussion of Decision

■ The Commission agrees with the committee that Respondent violated ER 3.3(a)(1) and (4) when he offered the altered installment note to the court, and stated that the handwritten language was added prior to signature; ER 3.4(a) and (b) when he falsified the installment note; and ER 8.1(a) when he made misrepresentations to the State Bar during their investigation.

■ The Commission must disagree with the committee's recommendation of censure, however. Recommendations of the hearing committee are entitled to deference and serious consideration. *In re Pappas,* 159 Ariz. 516, 768 P.2d 1161 (1988). As stated above, the Commission unanimously adopted the committee's findings of fact and conclusions of law. However, the Commission believes those facts and conclusions call for a sanction more severe than censure. The application of the American Bar Association's *Standards for Imposing Lawyer Sanctions* and prior decisions of this Court lead the Commission to conclude that suspension is the appropriate sanction.

Particularly in situations where the Commission disagrees with the committee's recommendation, the ABA Standards are useful in assisting in the determination of the appropriate sanction. *In re Arrick,* 161 Ariz. 16, 775 P.2d 1080 (1989).

Standard 6.12 provides for suspension when a lawyer knows that false statements

---

1. Commissioners Bosse, Rubin, and Suciu dissented. The dissenters believe Respondent's conduct is not distinguishable from the conduct in *In re Fresquez,* 162 Ariz. 328, 783 P.2d 774 (1989). In both cases the respondent lied, falsified a document, and presented the falsified document in the disciplinary process with the intent to mislead. In this case, Respondent compounded the offense by also submitting the falsified document to a court. The dissenters believe Respondent's conduct warrants disbarment.

or documents are being submitted to the court and takes no remedial action, and causes injury or potential injury to a party to the legal proceedings. Standard 6.13 provides for censure when those actions are negligent rather than knowing. In this matter, Respondent knowingly submitted an altered document to the court. And, certainly, the tenant against whom Respondent filed suit suffered injury, both financial and emotional; as she lived in Flagstaff, it was necessary for her to miss an entire day of work in order to travel to Scottsdale to attend the hearing. Further, her reputation was questioned and she was labeled a liar in a public forum.

Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. Respondent's false statements to the State Bar during their investigation into these charges, and his continued false statements made to the hearing committee under oath, violate his duty to the legal profession and indicate a disregard and complete lack of respect for the discipline system. This attitude by a member of the Bar can only cause harm to the image of the profession.

In a case involving similar conduct, *In re Fresquez*, 162 Ariz. 328, 783 P.2d 774 (1989), the respondent prepared a false document for signature by his client, made false statements during the disciplinary process, made false statements to his clients about filing their complaint and about trial dates, and made a payment to his client's sister as an inducement to procure his client's signature on the falsified document. While Fresquez's violations were more pervasive than Respondent's, the essence of the misconduct in both cases involved falsified documents and lying under oath. In *Fresquez*, the Court concurred with the hearing committee's assessment that "It is difficult to conceive of an ethical violation more serious than a lawyer lying under oath." 162 Ariz. at 335, 783 P.2d 774. In the instant case, Respondent made false statements to both the Court and the hearing committee. The committee, in *Fresquez*, recommended disbarment, citing "... respondent's numerous lies to the State Bar and before the committee under oath ..." 162 Ariz. at 331, 783 P.2d 774. Fresquez was disbarred for his actions. Clearly, proportionality indicates the sanction in the instant case should be more severe than a censure.

Having reviewed the possible sanctions, it is appropriate to weigh aggravating and mitigating factors to determine their effect on the recommended sanction.

Standard 9.22 lists factors which may be considered in aggravation. A number are present here. Respondent had a dishonest or selfish motive; he submitted false evidence and made false statements during the disciplinary process; he refused to acknowledge the wrongful nature of his conduct; and he took advantage of his tenant's vulnerability, fully aware that she had no attorney available to render advice.

In mitigation, as listed in Standard 9.32, Respondent has no prior disciplinary record, and the misconduct appears to be an isolated incident in his ten years of practice.

While there was discussion among the members of the Commission as to whether the conduct warranted disbarment, consideration of the ABA-recommended sanctions and the balance of the aggravating and mitigating factors involved led the majority to believe a lengthy suspension is the appropriate sanction; certainly a censure would not serve the purpose of disciplinary proceedings, which is "... to protect the public and deter similar conduct by other lawyers." *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037 (1990). A disbarment, particularly considered in light of the more egregious conduct involved in *Fresquez*, taken in conjunction with the existing mitigating factors, would not be a proportional sanction. The majority of the Commission found the imposition of a three-year suspension for such misconduct to be both appropriate and proportional.

DONE at Yuma, Arizona, on April 11, 1992.

/s/<u>Larry W. Suciu</u>
Larry W. Suciu
Chairman