877 P.2d 802

**In the Matter of a Member of the State Bar of Arizona, Linda J. HANSEN, Bar No. 013206, Respondent.**

**No. SB–94–0065–D.
Comm. No. 93–0417.**

Supreme Court of Arizona.

July 14, 1994.

Frederick M. Aspey, for respondent.

James D. Lee, State Bar Counsel.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **LINDA J. HANSEN**, a member of the State Bar of Arizona, is hereby censured for conduct in violation of her duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **LINDA J. HANSEN** for costs incurred by the State Bar of Arizona in the amount of $272.20, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION
OF THE
SUPREME COURT OF ARIZONA

In the Matter of Linda J. Hansen, Attorney No. 013206, a Member of the State Bar of Arizona, Respondent.

Comm. No. 93–0417

### DISCIPLINARY COMMISSION REPORT

June 8, 1994.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona

on April 9, 1994, on an agreement for discipline by consent, pursuant to Rule 56(a), Ariz.R.S.Ct. The agreement, providing for censure, was tendered prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee or officer, pursuant to Rule 53(b).[1]

### Decision

After review of the record in this matter, a concurrence of the eight members of the Commission present[2] recommends acceptance of the agreement for discipline by consent providing that the respondent, Linda J. Hansen ("Hansen"), be censured. The Commission also unanimously adopts the tender of admissions and agreement for discipline by consent and the joint memorandum in support of agreement for discipline by consent as its findings of fact and conclusions of law.

### Facts

Hansen was admitted to practice law in October 1990. In February 1991, she was hired by the City of Phoenix Prosecutor's Office as an assistant city prosecutor. The complaint in this matter arose out of an incident that occurred during her employment there.

A DUI trial was scheduled for January 27, 1993. On that day, however, the prosecutor assigned to the case became ill, and Hansen was assigned in her place. Shortly before the time scheduled for the trial, Hansen spoke with the victim of the accident allegedly caused by the defendant. Although the victim was scheduled to be a witness at the trial, Hansen told her that she could leave the courthouse, as Hansen believed that the defendant would enter into a plea agreement or that the judge would wait until the following day to select a jury.

When the court subsequently announced that same day that it was ready to proceed with the trial, Hansen advised the court she was not ready to proceed as the victim witness was not present. She failed to advise either the court or the defendant's attorney that the witness had been in the court earlier, and that Hansen had told her to leave. When the judge asked if Hansen's office had heard from the witness that day, Hansen said it had not. In response to the judge's advice that she attempt to contact the witness, Hansen unsuccessfully looked for the witness in the hallway, then attempted to call her, but received no answer. Hansen still did not inform anyone that she had earlier told the witness she could leave.

Although the witness had actually arrived at the courtroom between 1:15 and 1:20, Hansen wrote the following in the case log: "At 1:30 p.m., Wit. not here yet.... Need to call wit.—not able to locate.... Can't find wit."

Upon a motion by the defendant's counsel, the court dismissed the case without prejudice. Hansen told her supervisor that she had dismissed the case because the victim witness failed to appear.

On that same day, January 27, 1993, Hansen resigned from the City of Phoenix Prosecutor's Office. The charges against the defendant were refiled on or about February 3, 1993.

Hansen and the State Bar conditionally agree that Hansen's conduct violated ER 1.3, ER 3.3(a)(1), ER 4.1(a), and ER 8.4(a), (c), and (d).

### Discussion of Decision

The Commission agrees that, by allowing the victim to leave prior to the trial and allowing the case to be dismissed, Hansen violated ER 1.3, which demands that a lawyer act with reasonable diligence. By

---

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides that when an agreement for discipline is filed prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

2. Commissioners Bonwell, Burlison, Goldsmith, and Malm did not participate in these proceedings. Douglas W. Seitz and Donald W. Hart participated as ad hoc lawyer members, and Jack Potts, M.D., participated as an ad hoc public member.

indicating to both the judge and the defense attorney that the victim witness had not appeared for the trial, Hansen violated ER 3.3(a)(1) and ER 4.1(a), which provide that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal or third person. Finally, the Commission agrees that Hansen violated ER 8.4(a), (c), and (d), by violating the rules of professional conduct and engaging in conduct that involves dishonesty, deceit, or misrepresentation and that is prejudicial to the administration of justice.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the Supreme Court. *In re Rivkind*, 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). In this instance, the Standards indicate that either censure, suspension, or disbarment is appropriate for the misconduct in this matter.

Standard 4.4, concerning lack of diligence, and Standard 5.1, concerning failure to maintain personal integrity, suggest censure is appropriate. Standard 4.43 provides for censure when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 5.13 provides for censure when a lawyer knowingly engages in conduct involving dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

Standard 6.1, on the other hand, concerning false statements, fraud, and misrepresentation, suggests suspension or even disbarment as appropriate. Standard 6.11 provides for disbarment when a lawyer, with the intent to deceive the court, makes a false statement or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding. Standard 6.12 provides for suspension when a lawyer knows that false statements are being submitted to the court or that material information is improperly being withheld, and takes no remedial actions, and causes injury or potential injury to a party to the legal proceedings or causes an adverse or potentially adverse effect on the legal proceeding.

In its determination that censure is appropriate in this matter, despite indications by the Standards that suspension or disbarment may be warranted, the Commission considered the Theoretical Framework to the Standards, which indicates "the standards ... are not analogous to criminal determinate sentences, but are guidelines which give courts the flexibility to select the appropriate sanction in each particular case of lawyer misconduct."[3] In analyzing the severity of the subject misconduct, the Commission considered the existing aggravating and mitigating factors, as listed in Standards 9.22 and 9.32, respectively. Only one factor is present in aggravation; Hansen had a dishonest or selfish motive, in that she lied to the court to cover up her error in prematurely releasing her witness. Numerous mitigating factors are present, however. Hansen has no prior disciplinary record; she felt remorse for her actions; she made full and free disclosure and was fully cooperative throughout the disciplinary proceedings; and she is inexperienced in the practice of law, having practiced for little more than two years at the time of the misconduct. In addition, Hansen resigned from the City Prosecutor's Office on the day the misconduct occurred. The Commission believes the weight of these mitigating factors supports the lesser sanction of censure, rather than suspension or disbarment.

A comparison of the sanctions imposed for similar conduct in other disciplinary cases also indicates censure is proportional. In *In re Heinzl*, 169 Ariz. 161, 818 P.2d 146 (1991), the respondent filed a motion to withdraw which stated that his client would be prepared for a medical liability review panel hearing scheduled for the following month, despite the fact that he knew that his client had not obtained an expert witness to testify on her behalf. In addition, Heinzl was inadequately prepared for his client's case prior to

---

3. Standards, p. 6.

withdrawal, failing to locate and identify an expert witness and failing to timely respond to discovery requests. Heinzl was censured for failing to diligently represent his client and negligently misleading the court.

*In re Garnice*, 172 Ariz. 29, 833 P.2d 700 (1992), is also factually similar to the instant matter. Garnice's failure to perform adequate research on a case resulted in misstatements to the court regarding both New York domestic relations law and factual allegations concerning the adoption of his client's children. The Commission found that both misrepresentations were unintentional. Garnice also credited child support payments received on behalf of his client toward his fee, rather than turning them over to his client. Garnice, who also had two prior informal reprimands, was censured and placed on probation.

Finally, *In re Rosenzweig*, 172 Ariz. 511, 838 P.2d 1272 (1992), involved similar, although more egregious, conduct. Rosenzweig was suspended for three years for adding language that was beneficial to himself to a promissory note after it had been signed, knowingly presenting the falsified note to the court, and making false representations concerning the note during the disciplinary proceedings. Unlike the instant matter, Rosenzweig's deception to the court was done with forethought and with the intent to benefit himself monetarily. In addition, Hansen did not lie during the disciplinary proceedings; on the contrary, she has been very cooperative during both the investigation and the formal proceedings.

■ The Court has indicated that the purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985). The Commission does not believe any of these purposes would be served by suspending or disbarring Hansen; such a sanction would merely be punitive in nature, given these circumstances. In light of Hansen's inexperience in the practice of law as well as her resignation tendered the very day the unfortunate events occurred, the Commission believes Hansen is well aware of the seriousness of her misconduct. As the Commission believes it is unlikely that such an incident will be repeated, it does not believe the protection of the public, as provided by suspension or disbarment, is necessary in this instance. Therefore, the Commission recommends that Hansen be censured.

/s/ Steven L. Bossé
STEVEN L. BOSSÉ, Chairman
Disciplinary Commission