In the **MATTER of Ronald R. BENJAMIN, Respondent.**

**Misc. No. 3257 (FJS).**

United States District Court, N.D. New York.

Dec. 5, 1994.

Marya C. Young, Law Office of Ronald R. Benjamin, Binghamton, NY, for respondent.

## *DECISION AND ORDER*

SCULLIN, District Judge.

On July 6, 1994, Chief Judge Thomas J. McAvoy issued an order imposing reciprocal discipline of public censure on respondent Ronald R. Benjamin based on a decision that rendered similar discipline by the New York State Appellate Division, Third Judicial Department on June 24, 1994, pursuant to Local Rule 83.4(d). The Third Department found that respondent violated Disciplinary Rule 1–102(A)(4) of the Code of Professional Responsibility by attempting to mislead and deceive the court and opposing counsel on three separate occasions. On July 25, 1994, respondent submitted an order to show cause application under Local Rule 83.4(d), which was referred to this court.

Local Rule 83.4(d), derived from *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), provides that:

Any member of the bar of the Northern District ... who shall be disciplined by a court in any State ... shall be disciplined to the same extent by this court unless an examination of the record resulting in the discipline discloses:

(A) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(B) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court should not accept as final the conclusion on that subject;

(C) that the imposition of the same discipline by this court would result in grave injustice; or

(D) that the misconduct has been held by this court to warrant substantially different discipline.

## A. Lack of Adequate Notice

Respondent argues that under Local Rule 83.4(d)(A) he was denied specific notice of the charges against him because the initial allegation, making an "inaccurate" legal argument as to the res judicata effect of a prior Family Court decision, was amended, to one of making a "specious" argument. Respondent claims that making an "inaccurate" argument lacks the deceptive intent of making a "specious" argument. Thus respondent contends that he was not given proper notice. This argument is flawed for two reasons.

First, respondent fails to recognize that the overall charge against him, which the court never amended, alleged that "respondent attempted to mislead and deceive the court and opposing counsel." *See* Petition of Charges and Specifications ("Petition") at 2. This charge clearly includes the deceptive intent of a "specious" argument, thereby affording respondent specific notice of the allegation against him. Second, even if respondent relied on the initial allegation, respondent had notice that he was charged with improperly claiming res judicata. *See* Petition at 2. The Eleventh Circuit rejected an argument similar to that of respondent's in *Greer's Refuse Service Inc. v. Browning–Ferris Industries,* 843 F.2d 443 (1988). The claimant in *Greer's* argued that he was disbarred on an unnoticed charge because the order disbarring him referred to his having converted and misappropriated a client's funds, while the complaint charged him with misappropriating funds transmitted to him in

escrow by opposing counsel. *Id.* at 447. The court held that while "the charge in the court's formal opinion was not a model of clarity.... [t]he fact remains that [claimant] was charged with misappropriating the funds and had adequate notice of that charge." *Id.* at 448. Consequently, the court finds that whether respondent was charged with making an "inaccurate" argument or a "specious" argument, he had adequate notice that he was being accused of improperly asserting a res judicata argument with the purpose of misleading and deceiving the court and opposing counsel in violation of Disciplinary Rule 1–102(A)(4).

## B. Opportunity to be Heard

■ Respondent next argues that the court denied him an opportunity to be heard under Local Rule 83.4(d)(A) because the Third Department's Memorandum and Order does not address the constitutional claims raised by respondent. Respondent mistakenly characterizes the opportunity to be heard as a substantive protection rather than a procedural one. The mere fact that respondent was afforded the opportunity to present his constitutional arguments to the Third Department satisfies this procedural protection. *See e.g., In re Evans,* 834 F.2d 90, 91 (4th Cir.1987).

■ Furthermore, by arguing that he was denied the opportunity to be heard because the Third Department found his constitutional claims unworthy of mention, *see* Respondent's Memorandum of Law in Support of Show Cause Application at 7, respondent is improperly asking for substantive de novo review. Local Rule 83.4(d) clearly states that reciprocal discipline will be imposed "unless an examination of the record resulting in the discipline discloses" the listed deficiencies (emphasis added). In addition, federal courts have consistently held that the reviewing court need only examine the record of the lower court. *See e.g., Greer's,* 843 F.2d 443; *Evans,* 834 F.2d at 91; *Matter of Sassower,* 700 F.Supp. 100 (E.D.N.Y.1988). Thus this argument is without merit.

## C. Infirmity of Proof

■ Respondent further argues that under Local Rule 83.4(d)(B) there was an infirmity of proof in the state's ruling. Respondent contends that the factual evidence does not support the Referee's conclusion that respondent's res judicata argument was "specious" because he specifically limited his argument to the issue of physical abuse on which the Family Court Judge ruled. Second, respondent contends that there was no evidence to support the finding that he had the required intent to mislead. Third, respondent maintains that because the parties acted as if there was an agreement to continue discovery, respondent's affidavit swearing that there was an agreement to continue discovery was not misleading or deceiving.

First, the court notes that in all three instances the respondent is improperly asking this court for de novo review. Rather, this court is limited to a review of the record to determine if sufficient evidence was presented to support the Referee's decision.

In the present case, the Referee's decision, dated April 6, 1994, referred to respondent's specific testimony on the res judicata issue at two separate hearings. *See* Report of Referee at 3. Furthermore, in finding that respondent intended to mislead, the Referee relied on respondent's failure to timely supply the prior Family Court decision to Judge Fischer, which decision would have revealed that it had no res judicata effect. *Id.* In addition, there was testimony that respondent's statement in a sworn affidavit was not true and that he intentionally lied to opposing counsel. *Id.* at 5, 6. Finally, the record reveals that the Referee found respondent's affidavit misleading because it was untrue and inappropriate under the circumstances. *Id.* at 5.

Thus, this court finds that the record contains evidence that would support the Referee's conclusion that respondent Benjamin attempted to mislead and deceive the court and opposing counsel.

## D. Grave Injustice

■ Respondent maintains that the adoption of reciprocal discipline pursuant to Local

Rule 83.4(d)(C) would result in grave injustice. Respondent argues that his conduct did not rise to the level of fraudulent or deceptive conduct contemplated by DR 102(A)(4). However, by challenging the Third Department's findings as to his conduct, respondent is once again improperly seeking de novo review.

The proper review is whether adoption of the discipline imposed, in this instance public censure, would result in grave injustice. In *In re Sanchez–Ferreri*, the district court found that there would be no grave injustice by adopting the state's disbarment of the claimant because "petitioner's unethical conduct [was] sufficiently grave as to deserve a revision of his status as a member of this bar. The unethical conduct proven in this case has consistently resulted in disbarment." 620 F.Supp. 951, 953 (D.C. Puerto Rico 1985).

■ Courts have consistently found that attempts to mislead and deceive the court or opposing counsel are sufficiently serious to warrant public censure, and, as pointed out by respondent's memorandum, even disbarment. *See e.g., Matter of Tassio*, 174 A.D.2d 166, 579 N.Y.S.2d 105 (2d Dep't 1992) (public censure of defense attorney who pre-dated client's affidavit and used affidavit to mislead district attorney); *Matter of LaFountain*, 226 Mont. 296, 738 P.2d 472 (1987) (public censure of attorney who falsely represented to clerk of trial court that he had been successful on appeal in order to obtain default judgment); *Matter of Hansen*, 179 Ariz. 229, 877 P.2d 802 (1994) (public censure of attorney who mislead court and opposing counsel by telling court a witness was not available when the attorney had previously told the witness to leave).

Consequently, in light of the Third Department's finding that respondent intentionally misled and deceived the court and opposing counsel, together with persuasive authority that this unethical conduct should result in public censure, the court finds that respondent has not sufficiently shown why imposing reciprocal discipline pursuant to Local Rule 83.4(d) would result in grave injustice.

Thus, the court finds that respondent has failed to show good cause as to why he should not be publicly censured by this court.

Accordingly, it is hereby

ORDERED that respondent's application for an order to show cause is DENIED.

**IT IS SO ORDERED.**