**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In the Case of: EARNESTINE BROWN,

Appellant.

No. 96-2124

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(MISC-95-61)

Submitted: April 28, 1998

Decided: June 23, 1998

Before WIDENER, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Earnestine Brown, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Earnestine Brown appeals an order of the District Court of Mary-
land disbarring her from practice before the court. She seeks to raise

four issues before this court. Brown was aware that the district court's disciplinary committee had appointed counsel to investigate certain matters involving Brown and make a recommendation to the committee, in accordance with U.S. Dist. Ct. of Md. R. 705.1. Brown received a copy of counsel's report, recommending that the court initiate formal disciplinary proceedings and issue an order requiring Brown to show cause why she should not be disciplined. Pursuant to authorization by a district judge, counsel contacted Brown concerning the possibility of her disbarment by consent, in accordance with U.S. Dist. Ct. of Md. R. 705.1(f). Although Brown called counsel when she received the notice at her home address, she did not follow up on the possibility.

The district court issued a show cause order, warning Brown that failure to timely respond raising an issue of fact or asserting a desire to be heard in mitigation could result in action, including disbarment, without further proceedings. The order was returned as undeliverable. The disciplinary committee adopted counsel's report, and the full court voted to disbar Brown. She appeals, seeking to raise four issues.

A district court has inherent authority to suspend or disbar lawyers from practicing before it. In re Snyder, 472 U.S. 634, 643 (1985). An appellate court owes "substantial deference to the district court" in reviewing such a decision. In re Evans, 801 F.2d 703, 706 (4th Cir. 1986). An attorney facing discipline is entitled to procedural due process consisting of notice and an opportunity to be heard, In re Cordova-Gonzalez, 996 F.2d 1334, 1336 (1st Cir. 1993), but a hearing is not absolutely required. In re Evans, 834 F.2d 90, 91 (4th Cir. 1987). Brown was aware of the proceedings against her, and the show cause order was sent to the address she provided to the court. She received mail at this address both before and after attempted delivery of the show cause order. Therefore, we conclude that the district court satisfied the requirements of procedural due process. Having foregone her opportunity to seek a hearing in the district court, Brown may not raise other issues in this court. She may seek reinstatement in that court in accordance with U.S. Dist. Ct. of Md. R. 705.4.

We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately pre-

2

sented in the materials before the court and argument would not aid
the decisional process.

AFFIRMED

3