In re David Lee SMITH.

No. 3:00–MC–031–D.

United States District Court, N.D. Texas.

June 8, 2000.

David L. Smith, Fort Worth, TX, pro se.

Before BUCHMEYER, Chief Judge, and MAHON, SANDERS, ROBINSON, FISH, MALONEY, FITZWATER, CUMMINGS, McBRYDE, SOLIS, MEANS, KENDALL, LINDSAY, and LYNN, District Judges.

PER CURIAM:

In this attorney discipline matter concerning David Lee Smith, Esquire ("Smith"), we delegate to a three-judge panel of this court the determination of the discipline to impose on Smith following his disbarment by the Supreme Court of the United States, the United States Court of Appeals for the Tenth Circuit, and the State of Colorado.

I

On April 10, 2000 Judge Fitzwater, acting on behalf of the court and pursuant to N.D.Tex.Civ.R. 83.8(a) and N.D.Tex. Crim.R. 57.8(a), ordered that Smith show cause within 30 days of the date of the order why his membership in the bar of this court should not be automatically revoked.[1] Judge Fitzwater had been ad-

---

1. Civil Rule 83.8(a) and Criminal Rule 57.8(a) both provide:

Loss of Membership. Membership in the bar of this court shall be automatically revoked under the following circumstances:

vised by the clerk of this court that Smith had lost the right to practice law before the Supreme Court of the United States, the United States Court of Appeals for the Tenth Circuit, and the State of Colorado.

Smith has responded to the show cause order. He advances several arguments that relate to a pending motion to disqualify him as counsel that has been filed by the opposing parties in *Hadd v. Sky Chefs, Inc., et al.,* Civil Action No. 4:99–CV–0242–Y. *See* Resp. at 1–9.[2] Concerning the instant show cause order, he requests that Judge Fitzwater declare Civil Rule 83.8(a)[3] unconstitutional on its face and as applied to him in this attorney discipline proceeding. *See id.* at 3. Smith contends that by purporting to disbar him automatically, without giving him proper notice of the charges against him and an opportunity to be heard, he has been deprived of his Fifth Amendment right to due process of law. *Id.* (citing *Dailey v. Vought Aircraft Co.,* 141 F.3d 224 (5th Cir.1998)). Smith also states that if Judge Fitzwater is inclined automatically to revoke his membership in the bar, he requests a full eviden-

tiary hearing after he has been given an opportunity to obtain records from the United States Court of Appeals for the Tenth Circuit, the Supreme Court of the United States, and the State of Colorado. *Id.* at 10.

## II

We need not consider Smith's challenges to the constitutionality of Civil Rule 83.8(a). Smith maintains that the rule is unconstitutional because it provides for automatic revocation of bar membership without giving him proper notice of the charges being brought against him and an adequate (or any) opportunity to be heard before disbarring him. In the present proceeding, however, Judge Fitzwater invoked his authority under Civil Rule 83.1[4] effectively to modify the operation of Civil Rule 83.8(a) by providing Smith notice of the specific grounds for revoking his bar membership and an opportunity to show cause why his bar membership should not be revoked. He followed the type of procedure established in Fed.R.App.P. 46(b),[5]

---

(1) if for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem, an attorney loses, either temporarily or permanently, the right to practice law before:
(A) the courts of the State of Texas;
(B) the highest court of any other state or the District of Columbia; or
(C) any federal court; or
(2) if an attorney fails to maintain the right to practice law before the highest court of at least one state or the District of Columbia, unless the member's failure to maintain such right results from nonpayment of dues or failure to meet continuing legal education requirements.

2. Some of his arguments concerning the motion in *Hadd* relate to disbarment pursuant to Civil Rule 83.8(b), which provides for attorney discipline based on "(1) conduct unbecoming a member of the bar; (2) failure to comply with any rule or order of this court; (3) unethical behavior; (4) inability to conduct litigation properly; (5) conviction by any court of a felony or crime involving dishonesty or false statement; or (6) having been pub-

licly or privately disciplined by any court, bar, court agency or committee." Because we address only the issue of disbarment under Civil Rule 83.8(a), we need not consider his arguments that relate to Civil Rule 83.8(b)–based disbarment.

3. Smith presumably does not challenge Criminal Rule 57.8(a) because he apparently is attorney of record only in civil cases pending in this court.

4. Civil Rule 83.1 provides that "[n]otwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious."

5. Fed.R.App.P. 46(b) states:
Suspension or Disbarment.
(1) *Standard.* A member of the court's bar is subject to suspension or disbarment by the court if the member:
(A) has been suspended or disbarred from practice in any other court; or
(B) is guilty of conduct unbecoming a member of the court's bar.
(2) *Procedure.* The member must be given an opportunity to show good cause, within

which provides for disbarment of a lawyer who has been disbarred from practice in any other court, provided such action is taken pursuant to a written order after the attorney is given an opportunity to show good cause why he should not be disbarred, and a hearing is conducted. Additionally, we are delegating this matter to a three-judge panel of this court to conduct intrinsic review. We are therefore affording Smith all the process that he is due by providing him specific notice of the grounds for disbarment and granting him an opportunity to show cause why we should not revoke his membership in the bar. *See In re Evans,* 834 F.2d 90, 91 (4th Cir.1987) (order) (holding that district court did not err in failing to hold evidentiary hearing because due process did not require such hearing in attorney disbarment proceeding and attorney was given sufficient notice and provided opportunity to be heard).

In view of the procedure followed here, Smith's reliance on *Dailey* is also misplaced. In *Dailey* the Fifth Circuit reversed a disbarment order entered "without giving [the attorney] notice or an opportunity to be heard with respect to her disbarment." *Dailey,* 141 F.3d at 226.[6] In the present disciplinary proceeding, we have afforded Smith prior notice of the specific bases for disbarring him and are giving him the opportunity to show cause to the contrary.

### III

### A

The disciplinary action that brings Smith before us today originated more than six years ago in the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit ordered that Smith show cause why he should not be fined, disbarred, or otherwise disciplined for filing several frivolous appeals. *See In re Smith,* 10 F.3d 723, 724 (10th Cir.1993) (per curiam), *cert. denied,* 513 U.S. 807, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994). Following oral argument, the circuit court suspended Smith on November 29, 1993 until he paid all sanctions imposed by that court or the district court. *Id.*

The Supreme Court of the United States disbarred Smith from the practice of law on November 27, 1995, *see In re Disbarment of Smith,* 516 U.S. 984, 116 S.Ct. 510, 133 L.Ed.2d 420 (1995), after suspending him and receiving and considering his response to its rule to show cause.[7]

On February 13, 1996 the Tenth Circuit disbarred Smith for violating its November 29, 1993 suspension order. The panel found that Smith had continued to practice in that court by writing and filing briefs on behalf of otherwise *pro se* litigants. *In re Smith,* 76 F.3d 335, 336 (10th Cir.) (per curiam), *cert. denied,* 519 U.S. 871, 117 S.Ct. 186, 136 L.Ed.2d 125 (1996). The court disbarred him after finding that "[d]espite repeated warnings, Mr. Smith has chosen not to heed the orders of this court." *Id.* The panel denied his request for an evidentiary hearing. *Id.*

On March 3, 1997 the Supreme Court of Colorado suspended Smith from practicing in that state for nine months, subject to immediate reinstatement if he showed that all sanctions imposed by the Tenth Circuit

---

the time prescribed by the court, why the member should not be suspended or disbarred.

(3) *Order.* The court must enter an appropriate order after the member responds and a hearing is held, if requested, or after the time prescribed for a response expires, if no response is made.

6. We note parenthetically that *Dailey* involved the forerunner local rule to Civil Rule 83.8(b), not Civil Rule 83.8(a).

7. On January 16, 1996 the Supreme Court denied rehearing, *In re Disbarment of Smith,* 516 U.S. 1085, 116 S.Ct. 801, 133 L.Ed.2d 748 (1996), and on March 18, 1996 denied his motion to recall and amend the judgment. *In re Disbarment of Smith,* 516 U.S. 1168, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996).

and district court had been satisfied and that all federal suspensions had been lifted. *People v. Smith*, 937 P.2d 724, 731 (Colo.1997) (per curiam), *cert. denied*, 522 U.S. 858, 118 S.Ct. 158, 139 L.Ed.2d 103 (1997) and 524 U.S. 954, 118 S.Ct. 2372, 141 L.Ed.2d 739 (1998). In a reciprocal disciplinary proceeding based on the Tenth Circuit's suspension order, *see id.* at 725, the court considered the four factors that under Colorado law justify not following the usual rule of imposing the same discipline as did the foreign jurisdiction. *Id.* at 726–29.[8] The court adopted the hearing board's recommendation and suspended Smith from the practice of law for nine months. *Id.* at 731.[9]

On October 4, 1999 the Supreme Court of Colorado disbarred Smith based on the Tenth Circuit's disbarment order. *In re Smith*, 989 P.2d 165, 178 (Colo.1999) (per curiam).[10]

## B

▮ "There is little question but that district courts have the authority to supervise and discipline the conduct of attorneys who appear before them. This includes the inherent authority to suspend or disbar lawyers." *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir.1999) (citations and internal quotation marks omitted); *see In re Hoare*, 155 F.3d 937, 940 (8th Cir.1998) ("Courts have long recognized their authority to suspend or disbar attorneys, an inherent power derived from the attorney's role as an officer of the court that granted admission."); *Greer's Refuse Servs., Inc. v. Browning–Ferris Indus. of*

*Del.*, 843 F.2d 443, 446 (11th Cir.1988) ("[F]ederal district courts have clear statutory authority to promulgate rules governing the admission and conduct of the attorneys who practice before them.").

Civil Rule 83.8(a) provides, with exceptions not germane here, that loss of the right to practice in the highest court of any other state or the District of Columbia or any federal court results in loss of the right to practice in this court. This type of reciprocal discipline rule is hardly unique.[11] "It is not uncommon that district courts generally impose discipline on members of their bar who are disciplined in another jurisdiction." *Kramer*, 193 F.3d at 1132. The principle of reciprocal disbarment is also widely observed. *See, e.g., Hoare*, 155 F.3d at 940 ("Thus, when a district court learns that a member of its bar has been subject to discipline by another jurisdiction, the identical discipline is typically imposed."); *In re Reinstatement of Leaf*, 41 F.3d 281, 284 (7th Cir.1994) (addressing E.D.Wis.R. 2.05(b), which provides for mandatory suspension of attorney disbarred or suspended by state's highest court); E.D.Tex.R. AT–2(b)(1) (*reprinted in* Texas Rules of Court: Federal at 362 (West Pamp.Supp.2000)) (providing for automatic loss of bar membership if lawyer loses right to practice before any state or federal court for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to disciplinary proceeding or problem); S.D.Tex. R.App. A, R. 3 (*reprinted in* Texas Rules of Court: Federal at 312 (West Pamp.

---

8. The court also considered Smith's challenges to the proceedings before the hearing panel of the Supreme Court grievance committee and the hearing board. *See id.* at 729–31.

9. Under Colorado rules, the court could not suspend an attorney indefinitely. *Id.*

10. A hearing panel of the Colorado Supreme Court grievance committee had also separately recommended that Smith be suspended for prosecuting two federal actions against lawyers who had filed requests for disciplinary investigations against him. *See Smith*, 989 P.2d at 167. The Colorado Supreme Court did not address this recommended sanction because the greater sanction of disbarment controlled. *Id.*

11. We do not suggest that automatic disbarment without notice and an opportunity to be heard is the norm. In the present matter, however, we are affording Smith both notice and the right to be heard in opposition.

Supp.2000)) (providing that lawyer suspended or disbarred by another court in the United States shall promptly notify clerk of court in writing of that action and immediately cease to practice before court, and that final adjudication in other court shall establish conclusively the conduct for purposes of discipline unless lawyer requests hearing and carries burden of showing that prior action lacked due process).

Although disbarment by a federal court does not follow inexorably from disbarment by a state court, *see Frazier v. Heebe*, 482 U.S. 641, 648 n. 7, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987); *Leaf*, 41 F.3d at 284, federal courts have held that they should normally give great weight to, and rely on, state disbarment proceedings unless one of the conditions in *Selling v. Radford*, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), is present. *See Leaf*, 41 F.3d at 284; *In re Jafree*, 759 F.2d 604, 608 (7th Cir.1985) (per curiam). "[A] district court, when determining whether to discipline a member of its bar consistent with a state disciplinary adjudication, may impose reciprocal discipline unless, after an independent consideration of the record, the court finds (1) a deprivation of due process; (2) a lack of adequate proof establishing misconduct; or (3) that the imposition of reciprocal discipline would result in grave injustice." *In re Attorney Discipline Matter*, 98 F.3d 1082, 1087–88 (8th Cir.1996). While we recognize that *Selling* addresses *federal* court disbarment based on a decision of a *state* court, and we are examining whether Smith should be disbarred based on federal and state court disbarment orders, at least one federal circuit court has applied the *Selling* factors when considering disbarment based on a federal district court's disbarment order.

*See Evans*, 834 F.2d at 91. We will therefore apply the *Selling* factors in this proceeding.

■ The *Selling* factors address whether (1) the disciplining court's procedure denied the attorney due process because of an absence of notice or opportunity to be heard; (2) there was an infirmity of proof; and (3) there is some other grave reason not to disbar the attorney. *Selling*, 243 U.S. at 51, 37 S.Ct. 377; *see In re Dawson*, 609 F.2d 1139, 1142 (5th Cir.1980) ("Supreme Court precedent has established that a state court disbarment should be accorded federal effect, unless it appears from 'an intrinsic consideration of the state record' (1) that the state proceeding was wanting in due process, (2) that the proof in the state proceeding was so infirm 'as to give rise to a clear conviction on our part that we could not consistently with our duty, accept' the state court's conclusion as final, or (3) that to do so would 'that for some other grave reason ... conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do.' ") (quoting *Selling*, 243 U.S. at 51, 37 S.Ct. 377, and citing cases).

### C

We delegate to a panel of this court, consisting of Judges Fitzwater, Cummings, and Means, the determination of the discipline to impose on Smith. *See Greer's*, 843 F.2d at 448 (affirming suspension order of three-judge panel of Middle District of Florida). Although we question whether Smith is entitled to the full evidentiary hearing that he has requested,[12] we confer on the panel the discretion to determine

---

12. *See In re Palmisano*, 70 F.3d 483, 486 (7th Cir.1995) ("Because Illinois offered [the attorney] a full evidentiary hearing, and because [the attorney] admitted all of the factual allegations against him, the evidentiary record is quite sufficient. A hearing in federal court was unnecessary; the district court could accept the conclusions of the Illinois tribu-

nals."). When a federal disbarment order is predicated on a state disbarment that meets the due process criteria outlined in *Selling*, a *de novo* evidentiary hearing is not a prerequisite. *Jafree*, 759 F.2d at 605 n. 1. "The hearing contemplated by Rule 46(b) is in that circumstance in the nature of an oral argument[.]" *Id.*

the procedure to be followed in making the required *Selling* analysis. The decision of the panel regarding what discipline shall be imposed on Smith shall be the final ruling of this court.

**SO ORDERED.**