IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-00005
_____

IN RE: DAVID L. SMITH

                              Petitioner

_____

March 4, 2002

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

This is a reciprocal discipline proceeding against attorney David L. Smith. It arises from actions taken by the United States Court of Appeals for the Tenth Circuit and by the United States District Court for the Northern District of Texas.

In 1993, the Tenth Circuit suspended Smith for filing frivolous appeals and failing to pay court-ordered sanctions. In re Smith, 10 F.3d 723 (10th Cir. 1993) (per curiam). The Tenth Circuit subsequently disbarred Smith in 1996 for writing and filing briefs on behalf of otherwise pro se litigants in violation of his suspension order. In re Smith, 76 F.3d 335 (10th Cir. 1996).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith's membership in the bar of the Northern District of Texas was revoked on November 21, 2000. In re Smith, 123 F.Supp. 2d 351 (N.D. Tex. 2000), aff'd, 275 F.3d 42 (5th Cir. 2001) (table decision).[1] The Northern District imposed this sanction based on Smith's disbarment by the Tenth Circuit.[2] Smith resides in Texas, and is a member in good standing of the State Bar of Texas.

As a result of the Northern District's revocation order and the Tenth Circuit's disbarment order, this court issued an order requiring Smith to show cause why he should not be removed from the roll of attorneys admitted to practice as a member of this court's bar. Smith responded and requested a hearing.[3] His written response essentially consisted of copies of the brief and

---

[1] The Northern District's disciplinary determination was delegated to a three-judge panel. See In re Smith, 100 F.Supp. 2d 412 (N.D. Tex. 2000) (en banc) (per curiam). In an unpublished opinion, a panel of this court found no constitutional violation and no abuse of discretion in the district court's decision to disbar Smith. In re Smith, No. 01-10011 (5th Cir. Sept. 26, 2001) (relying on Selling v. Radford, 243 U.S. 46, 51 (1917) and In re Dawson, 609 F.2d 1139, 1142 (5th Cir. 1980)).

[2] The Supreme Court of Colorado has imposed reciprocal discipline and disbarred Smith based on the Tenth Circuit's actions. In re Smith, 989 P.2d 165 (Colo. 1999). In addition, the Supreme Court of the United States has disbarred Smith for failing to comply with an order of the Court. In re Disbarment of Smith, 516 U.S. 984 (1995) (mem.); see also Qualls v. Regional Transp. Dist., 516 U.S. 804 (1995) (mem.) (suspending Smith and issuing an order requiring him to show cause why he should not be disbarred).

[3] Smith requested an en banc hearing. This court denied that request by letter dated February 1, 2002.

2

the Petition for Rehearing En Banc that he filed in his appeal of the Northern District's disciplinary order.

Attorney discipline by a circuit court is governed by Federal Rule of Appellate Procedure 46, which states that a member of the federal appellate court's bar is subject to suspension or disbarment by the court if the member has been suspended or disbarred from practice by any other court. The member must be given an opportunity to show cause why he should not be disciplined, and must be given a hearing, if requested. Fed. R. App. P. 46(b)(2)-(3).

A hearing in the form of oral argument was held before a three-judge panel on March 4, 2002. Smith appeared pro se. The sole issue before this court is whether the Tenth Circuit's disbarment of Smith or the Northern District's revocation of Smith's membership supports the imposition of reciprocal discipline.

Discipline by federal courts does not automatically flow from discipline by other courts. See Theard v. United States, 354 U.S. 278, 282 (1957). However, prior disciplinary proceedings are of substantial relevance in determining whether an attorney should no longer be allowed to practice before this court. In re Evans, 834 F.2d 90, 91 (4th Cir. 1987). Smith has the burden of showing why this court should not impose reciprocal discipline. In re Calvo, 88 F.3d 962, 966 (11th Cir. 1996).

3

When considering reciprocal discipline based on a state court discipline order, the Supreme Court has held that a federal court should recognize and give effect to the the judgment of the state court unless an "intrinsic consideration of the state record" reveals that: (1) the state proceeding was wanting in due process; (2) the evidence relied on by the state court to establish misconduct was so infirm as to give rise to a clear conviction that the federal court cannot, consistent with its duty, accept the state court's conclusion as final; or (3) there is some other grave reason why giving effect to the state court judgment would be inconsistent with the federal court's duty not to disbar except when constrained to do so by principles of right and justice.   Selling v. Radford, 243 U.S. 46, 51 (1917).[4]

The Selling analysis has been expressly adopted by the Fifth Circuit when reviewing reciprocal discipline by a federal district court based on a state court order.  See In re Wilkes, 494 F.2d 472, 476-77 (5th Cir. 1974);  In re Dawson, 609 F.2d 1139, 1142 (5th Cir. 1980).  Selling has also been applied to federal appellate court reciprocal discipline proceedings based on a district court's discipline order.  In re Evans, 834 F.2d 90, 91 (4th Cir. 1987); In re Edelstein, 214 F.3d 127, 132 (2d

---

[4]    This court obtained from the Northern District of Texas the complete record of that court's disciplinary proceeding.  As indicated by Smith in his response to the show cause order, the Northern District's record includes the complete record of the Tenth Circuit's discipline proceeding.

4

Cir. 2000).  We conclude that the standards set out in <u>Selling</u>
apply to this court's determination whether to impose reciprocal
discipline based on discipline orders issued by other federal
courts.[5]

Smith claims that he was denied due process by the Tenth
Circuit because he did not receive a hearing, in violation of
Rule 46 of the Federal Rules of Appellate Procedure.  In July
1995, the Tenth Circuit ordered Smith to indicate whether he had
written the briefs submitted by the <u>pro se</u> appellants in two
cases, and to indicate who had written the <u>pro se</u> briefs filed in
two other cases.  All of these briefs were filed after the Tenth
Circuit suspended Smith for filing frivolous appeals.  The July,
1995 order references <u>Johnson v. Board of County Commissioners</u>,
868 F.Supp. 1226 (D. Colo. 1994), which strongly criticizes the
practice of "ghost-writing," wherein attorneys draft briefs for
pro se litigants but do not sign those briefs.

In his response, Smith took issue with the court's reference
to <u>Johnson</u> and denied that he had "ghost-written" any briefs.
Smith claimed that he has "<u>never</u> participated in the writing of a
brief for a pro se litigant without disclosing his participation,
and has <u>never</u> refused to sign a brief written by him when
requested to do so by any court."

---

[5]    The Northern District of Texas similarly determined
that the <u>Selling</u> factors applied to its consideration of
reciprocal discipline based on the Tenth Circuit's order.  <u>See</u> <u>In
re Smith</u>, 100 F.Supp. 2d 412 (N.D. Tex. 2000) (en banc) (per
curiam); <u>In re Smith</u>, 123 F.Supp. 2d 351 (N.D. Tex. 2000).

Dissatisfied with Smith's response, the Tenth Circuit in September 1995 again ordered Smith to indicate the extent of the assistance he had provided the pro se appellants in cases after the date of his suspension.  Smith responded, under oath, that he had written the briefs in the appeals referenced in the September 1995 order.[6]  However, Smith argued that he had not engaged in "ghost-writing" because he had either signed his name to the briefs, or included footnotes in which he acknowledged his involvement.

The court then ordered Smith to show cause why he should not be disbarred for writing briefs on behalf of third parties while under suspension and for violating the suspension order.  Smith filed a written response and requested an evidentiary hearing. After consideration of his response to the show cause order, as well as his responses to the earlier orders, the Tenth Circuit denied his request for an evidentiary hearing and entered an order disbarring him.

Selling dictates that a court considering reciprocal

---

[6]    In his sworn response to the show cause order, Smith stated:

Pursuant to the disciplinary panel's (September 21, 1995) order, Mr. Smith hereby supplements his (August 7, 1995) Response to the Order to Show Cause Issued by the Disciplinary Panel of the United States Court of Appeals for the Tenth Circuit on July 18, 1995, and Complaint of Judicial Misconduct Pursuant to 28 U.S.C. § 372(c) by again stating, under oath, that he wrote the briefs in the appeals referenced in the (September 21, 1995) order.

6

discipline should "recognize the condition created by the judgment" of the other court unless the other court's "procedure, from want of notice or opportunity to be heard, was wanting in due process." 243 U.S. at 51. Hence the question for this court is whether the Tenth Circuit proceeding was wanting in due process due to lack of notice or opportunity to be heard.

Smith was provided with specific notice of both the charges against him and the fact that the court was considering disbarment as possible discipline. He was also provided with an opportunity to be heard in response to the show cause order for disbarment. Given that Smith had already admitted to writing the briefs in question prior to the Tenth Circuit's issuance of its show cause order, there was no factual dispute regarding whether he had written and filed briefs on behalf of third parties while under suspension. Under these circumstances, this court finds no due process problems with the Tenth Circuit's proceeding that would constrain us from imposing reciprocal discipline under Selling.[7]

Smith also argues that there was an infirmity of proof in the Tenth Circuit disbarment proceeding, reasoning that, in the

---

[7] This court has previously held that the absence of a disciplinary hearing does not violate an attorney's due process rights when, after gathering evidence on the alleged misconduct, the district court issued a show cause order regarding proposed discipline and afforded counsel an opportunity to submit briefs in his or her defense before ruling. NASCO, Inc. v. Calcasieu Television and Radio, Inc., 894 F.2d 696, 706-07 (5th Cir. 1990), aff'd on other grounds sub nom. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

absence of a hearing, there was no proof of misconduct at all. On the contrary, the Tenth Circuit had in its possession briefs filed during the term of Smith's suspension that Smith had either: (1) signed or (2) indicated his involvement with in a footnote. In addition, the Tenth Circuit had Smith's written acknowledgment under oath that he had written these briefs. Under these circumstances, we cannot say that there was such an infirmity of proof as to give rise to a clear conviction that we should reject the Tenth Circuit's determination of misconduct.

Turning to the Northern District proceeding, Smith asserts that he was denied due process because there was no independent prosecutor and because he was denied an evidentiary hearing.[8] This court has previously held that the due process rights of an attorney in a disciplinary proceeding do not extend so far as to guarantee the full panoply of rights afforded to the accused in a criminal case. Sealed Appellant 1 v. Sealed Appellee 1, 211 F.3d 252, 254 (5th Cir. 2000). The absence of an independent prosecutor does not violate an attorney's rights to due process in a disciplinary proceeding. Crowe v. Smith, 151 F.3d 217, 231–33 (5th Cir. 1998); NASCO, 894 F.2d at 707. Moreover, an

---

[8] Smith also argues that the Northern District's local rule regarding reciprocal discipline is unconstitutional because it provides for automatic disbarment without affording prior notice to the attorney. However, as the panel hearing his appeal found, we need not reach this issue because it is clear from the record that Smith was provided with fair notice and ample opportunity to respond to the proposed discipline at issue in the instant case.

evidentiary hearing is not required where the <u>Selling</u> criteria are satisfied.  <u>In re Jacobs</u>, 44 F.3d 84, 90 (2d Cir. 1990); <u>In re Jafree</u>, 759 F.2d 604, 605 n.1 (7th Cir. 1985) (per curiam).

Additionally, in his written response, Smith claims that the district court committed error and/or abused its discretion by failing to find that there was "grave reason" justifying refusal to impose reciprocal discipline (or, at a minimum, that there was "grave reason" justifying imposition of substantially different discipline) under the third prong of the <u>Selling</u> test.  Smith contends that there were a number of "grave reasons" justifying departure from the findings of the Tenth Circuit, including: (1) the five-year lapse of time between the Tenth Circuit's issuance of its disbarment order and the discipline proceedings before the Northern District; (2) his belief that his conduct in the Tenth Circuit did not constitute unethical behavior under the local rules for the Northern District; and (3) his belief that reciprocal disbarment by the Northern District constituted cruel and unusual punishment.

The panel of this court that heard Smith's appeal of the Northern District's disbarment decision has already rejected this argument.  Smith is now asserting that these factors supply grave reason for this court not to impose reciprocal discipline.  We conclude that, under the standard established by <u>Selling</u>, none of Smith's asserted factors constitute a "grave reason" why giving effect to the Northern District's judgment would be inconsistent

9

with our duty to disbar only when constrained to do so by principles of right and justice.

Finally, Smith argues that Judges Fitzwater and Means (members of the three-judge panel that conducted the disciplinary proceeding in the Northern District) must have been biased against him because they had stayed cases in which Smith was counsel of record pending resolution of his disciplinary proceeding. We note that a judge's rulings alone can almost never support a complaint of personal bias. Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, we find no support for Smith's allegation of bias in the instant case.

Smith makes a similar charge of bias against Chief Judge Buchmeyer based on language in Chief Judge Buchmeyer's denial of Smith's Petition for Relief from the disciplinary panel's ruling. In denying Smith's petition, Chief Judge Buchmeyer noted that the legal arguments contained in the petition were "totally without merit." Smith asserts that this statement evidences bias on the part of Chief Judge Buchmeyer. However, the fact that Chief Judge Buchmeyer found Smith's legal arguments to be without merit lends no support to Smith's unsubstantiated claim of bias.

After conducting a review of the records of the proceedings conducted by the Tenth Circuit and the Northern District, and after thoroughly considering the response filed by Smith in this matter and his testimony at the hearing, we find no infirmities

10

of the type identified in <u>Selling</u> that would militate against the imposition of reciprocal discipline.

IT IS ORDERED that David L. Smith is removed from the roll of attorneys admitted to practice as a member of the bar of this court.