# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2005
_____

|  |  |  |
|---|---|---|
|  | * |  |
|  | * |  |
| In re:  Michael J. Hoare, | * | Appeal from the United States |
|  | * | District Court for the |
| Respondent/Appellant. | * | Eastern District of Missouri. |
|  | * |  |
|  | * |  |

_____

Submitted:  December 11, 1997

Filed: July 2, 1998
_____

Before WOLLMAN, FLOYD R. GIBSON,[1] and LOKEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Michael J. Hoare appeals from an order of disbarment entered by the United States District Court for the Eastern District of Missouri.  We affirm.

_____

[1]The result in this case comports with the views that Judge Floyd R. Gibson expressed in our post-argument conference.  Judge Gibson's temporary disability due to illness has prevented his further participation in the case.

# I.

Prior to his disbarment, Hoare, a former law professor and United States Department of Justice attorney, was engaged in a successful private law practice in St. Louis, Missouri. Hoare had been admitted to practice in the jurisdictions of Missouri and Massachusetts, and was a member of the Bar of the Eighth Circuit Court of Appeals, the District of Columbia Court of Appeals, and the Supreme Court of the United States. Before the incident that resulted in his disbarment, Hoare had never been subject to criminal prosecution or professional discipline in any jurisdiction.

After having two or three glasses of wine at a neighborhood party in St. Louis on the evening of April 24, 1993, Hoare drove across the Mississippi River to Illinois, where he drank wine and beer throughout the remainder of the evening and into the early hours of the next morning. According to Hoare's own testimony, he may have consumed as many as twelve drinks in all.

Shortly before 5:00 a.m. on April 25, seventeen-year-old Joshua Roedersheimer and his younger brother, Drew, were traveling south on Interstate 255 in Joshua's car on their way to work at their grandfather's produce stand at the Farmer's Market in South St. Louis County. Herman Roedersheimer, the boys' grandfather, followed close behind in another vehicle.

Meanwhile, having slept for a short time in his car, Hoare awoke and started for home. He apparently lost his bearings, and after mistakenly turning south on Illinois Route 3 near Cahokia, ultimately entered an I-255 exit ramp. Driving past one "Do Not Enter" and two "Wrong Way" signs, Hoare, traveling northward, entered the interstate's southbound lanes. He drove for more than two miles in the wrong direction.

The dawn was just about to break as Hoare collided with Joshua Roedersheimer's southbound car. Drew Roedersheimer, who had been dozing in the passenger seat, was injured and bleeding but was able to pull Joshua free from the car. Herman Roedersheimer, who witnessed the collision, went to Joshua's side as the boy lay mortally injured on the side of the road. After calling out, "Help me, help me," Joshua died in his grandfather's arms.

When police and emergency vehicles arrived at the scene, Hoare, who had suffered a broken ankle and dislocated hip, refused to allow police to draw a blood sample to be tested for alcohol. Blood drawn from Hoare for medical purposes by hospital personnel, approximately two and a half hours later, revealed a blood-alcohol content of .12 percent. At the time, the legal limit was .10 percent in Illinois. An accident reconstruction specialist later testified that Hoare's automobile was straddling two lanes at the time of the crash and that there was no evidence Hoare had taken evasive action. Joshua's vehicle, in contrast, had veered right and had skidded some 126 feet prior to the point of impact.

Hoare was charged in St. Clair County, Illinois, circuit court with the aggravated reckless homicide of Joshua Roedersheimer. He rejected an offer by state prosecutors of a recommendation of probation in exchange for a guilty plea to the reduced charge of reckless homicide. The case proceeded to trial. At Hoare's first trial, in July of 1995, a mistrial was declared when a juror changed her mind and refused to affirm, when polled, the guilty verdict that had been returned. A second trial resulted in Hoare's conviction for aggravated reckless homicide in March of 1996. See State v. Hoare, No. 93-CF-583 (20th Judicial Circuit, St. Clair County, Illinois, March 12, 1996).

Hoare did not appeal. At sentencing, he read a statement of remorse. Facing a maximum of fourteen years in prison, Hoare was sentenced instead to six months in the St. Clair County jail in Belleville, Illinois, and was placed on probation for forty

months. He was ordered to perform forty hours of community service during each month of his probation, half of which was required to involve the assistance of persons with alcohol problems. A civil suit filed against Hoare by the Roedersheimer family was later settled by his insurance carrier.

Following Hoare's conviction, the Supreme Court of Missouri, pursuant to Missouri Supreme Court Rule 5.21 (Suspension for Criminal Activities), issued an order requiring Hoare to show cause why his license to practice law should not be suspended. After considering Hoare's response, the court entered an order on June 10, 1996, suspending him from the practice of law pending final disposition of disciplinary proceedings initiated as a result of his felony conviction. Approximately one month later, without further proceedings, the court issued an order disbarring Hoare from the practice of law in Missouri. See In re Michael Hoare, No. 78870 (July 16, 1996).

On June 20, 1996, the United States District Court for the Eastern District of Missouri entered an order requiring Hoare to show cause why the identical discipline of disbarment should not be imposed pursuant to Local Rule 12.02. See Missouri Court Rules, State and Federal 738 (West 1997).[2] A second order was issued on

---

[2]On August 21, 1996, a similar proceeding was initiated by the Bar of the Supreme Court of the United States. The Court's final order of disbarment was entered on November 4, 1996. See In the Matter of Disbarment of Michael J. Hoare, 117 S. Ct. 414 (1996). The Bar of the District of Columbia Court of Appeals, as well, has initiated disciplinary proceedings against Hoare. Recently, the Hearing Committee of its Board on Professional Responsibility issued a report and recommendation that Hoare be suspended for two years. See In the Matter of Michael J. Hoare, Esq., Bar Docket No. 241-96 (D.C. Cir. May 29, 1998). In addition, the Massachusetts Supreme Judicial Court has issued a two-year suspension. See In re Hoare, No. BD-96-037 (Suffolk County, Mass. Feb. 19, 1998).

On October 9, 1996, we entered an order holding in abeyance the disciplinary proceedings against Hoare pending the entry of a final order in the district court. See In Re: Michael J. Hoare, No. 97-2005 (8th Cir. Oct. 9, 1996).

August 1, 1996, placing Hoare on interim suspension pending a final resolution of the matter. The court then proceeded in accordance with its Rules of Disciplinary Enforcement. Rule II (Discipline Imposed by Other Courts) provides that when determining whether to discipline a member of its bar consistent with a state disciplinary adjudication, the court

> may impose the identical discipline unless the respondent-attorney demonstrates, and this court finds:
>
> > (1) that the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> >
> > (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion of the other jurisdiction on that subject; or
> >
> > (3) that the imposition of the same discipline by this court would result in grave injustice; or
> >
> > (4) that the misconduct established is deemed by this court to warrant substantially different discipline.

Rule II(D), Rules of Disciplinary Enforcement, United States District Court for the Eastern District of Missouri (January 18, 1996).

On March 11, 1997, the district court issued its order that Hoare be "disbarred, that his right to practice law in this court is terminated, and that his name be stricken from the roll of attorneys authorized to practice law in this court." See In the Matter of Michael J. Hoare, No. 96-MC-187 (E.D. Mo. March 11, 1997) (en banc). Hoare now appeals from that order.

## II.

Courts have long recognized their authority to suspend or disbar attorneys, an inherent power derived from the attorney's role as an officer of the court that granted admission. See In re Snyder, 472 U.S. 634, 643 (1985). Although a state court disciplinary action is not conclusively binding upon the federal judiciary, federal courts are nevertheless obliged to accord a high level of deference to state court disbarment proceedings. See Theard v. United States, 354 U.S. 278, 281-82 (1957); Selling v. Radford, 243 U.S. 46, 50-51 (1917); In re Attorney Discipline Matter, 98 F.3d 1082, 1087 (8th Cir. 1996); Matter of Randall, 640 F.2d 898, 901 (8th Cir. 1981); In re Rhodes, 370 F.2d 411, 413 (8th Cir. 1967). Thus, when a district court learns that a member of its bar has been subject to discipline by another jurisdiction, the identical discipline is typically imposed. See Randall, 640 F.2d at 901.

We will reverse a district court's disciplinary order only when an abuse of discretion has occurred. See Attorney Discipline Matter, 98 F.3d at 1087; Matter of Discipline of Olkon, 795 F.2d 1379, 1381 (8th Cir. 1986).

Hoare first asserts that the district court erred in requiring him to demonstrate the inappropriateness of reciprocal discipline by clear and convincing evidence, a standard of proof not set forth in the court's Rules of Disciplinary enforcement. It was for the district court to determine what standard of proof is appropriate under its rules, and we perceive no unfairness resulting from the Rules' silence on the matter.

Next, Hoare argues that the court abused its discretion in concluding that discipline substantially different from disbarment was not warranted in his case. See Rule of Disciplinary Enforcement II(D)(4). In particular, he asserts that (1) any misconduct on his part does not reflect adversely upon his fitness to practice law; and (2) the discipline imposed in this case is substantially harsher than that imposed upon

-6-

attorneys in other jurisdictions who have been involved in alcohol-related vehicular homicides.

We reject Hoare's argument that his misconduct does not reflect adversely on his fitness to practice law. Hoare is guilty of committing a felony. He elected to drive while intoxicated, drove for more than two miles on the wrong side of an interstate highway, and ended the life of an innocent young man. Upon his arrest, he refused to cooperate with police officers by forbidding them to test his blood for alcohol. Such conduct, when committed by an officer of the court, constitutes a failure to maintain personal integrity, reflects upon one's fitness to practice law, and brings the bench and the bar into disrepute. See, e.g., Matter of Horwitz, 881 P.2d 352, 356 (Ariz. 1994) (en banc); People v. Fahselt, 807 P.2d 586, 587-88 (Colo. 1991) (en banc); Kentucky Bar Ass'n v. Jones, 759 S.W.2d 61, 63 (Ky. 1988). Offending conduct need not involve direct questions of honesty or trustworthiness, nor have an immediate relation to the daily business conducted by an attorney, in order to warrant substantial discipline. See, e.g., In re Brown, 674 So. 2d 243, 246 (La. 1996) ("Conviction of a crime may warrant disbarment, even though the crime was not directly connected with the practice of law.").

With respect to the harshness of the discipline imposed upon Hoare, we agree that a suspension of one or two years, rather than disbarment, appears to be a more typical sanction imposed in disciplinary cases involving an alcohol-related vehicular homicide. See, e.g., Office of Disciplinary Counsel v. Michaels, 527 N.E.2d 299 (Ohio 1988) (eighteen-month suspension); Jones, 759 S.W.2d at 63 (two-year suspension); Matter of Disciplinary Proceeding Against Curran, 801 P.2d 962 (Wash. 1990) (en banc) (holding that presumptive sanction for two counts of vehicular homicide is two-year suspension); Matter of Howard, 673 A.2d 800 (N.J. 1996) (three-month suspension when vehicular homicide did not involve alcohol); In re Alkow, 415 P.2d 800 (Cal. 1966) (en banc) (six-month suspension when vehicular homicide did not involve alcohol).

Nonetheless, the sanction of disbarment in cases involving a negligent homicide is not without precedent. See Horwitz, 881 P.2d at 360 (conviction for negligent vehicular homicide involving alcohol and illegal drugs warranted disbarment); Matter of Souls, 669 A.2d 532 (R.I. 1996) (disbarment ordered for conviction of leaving the scene of a fatal accident in which alcohol may have been a factor); Brown, 674 So. 2d at 249 (conviction of negligent homicide arising out of shooting warranted disbarment); Matter of Holt, 451 S.E.2d 884 (S.C. 1994) (felony conviction for driving under the influence resulting in loss of human life warranted indefinite suspension; attorney also admitted use of cocaine); In re Morris, 397 P.2d 475 (N.M. 1964) (conviction for alcohol-related involuntary manslaughter justified indefinite suspension). In fact, the disciplinary rules of some jurisdictions provide for automatic disbarment when an attorney is convicted of any felony, without regard to its nature and absent consideration of any mitigating circumstances. See, e.g., N.Y. JUD. LAW § 90 (McKinney 1993) (any attorney convicted of a felony is automatically disbarred).

Whether we would have imposed a substantial period of suspension rather than disbarment had we been sitting in original judgment of this matter, is not at issue in this appeal. Rather, we hold only that the district court did not abuse its broad discretion in concluding that discipline substantially different from disbarment was not warranted in this case. See Attorney Discipline Matter, 98 F.3d at 1089 ("It was well within the district court's inherent power to discipline appellant based on Missouri's disbarment order.").

Lastly, Hoare asserts that the court abused its discretion in concluding that the reciprocal discipline of disbarment would not "result in grave injustice." See Rule of Disciplinary Enforcement II(D)(3). Hoare advances several arguments in this regard, most of which center on the Missouri Supreme Court's failure to articulate the reasoning behind its order of disbarment and on the disparity perceived by Hoare between the sanction imposed by that court upon him and the discipline imposed in other cases.

Although a conviction for negligent vehicular homicide has apparently never before resulted in an attorney's disbarment in Missouri, that fact does not conclusively establish that disbarment is unwarranted or gravely unjust in the circumstances of this case. In each disciplinary proceeding, a state's highest court considers many factors and "must be given considerable leeway in meting out the sanctions imposed." Attorney Discipline Matter, 98 F.3d at 1088 (quoting Randall, 640 F.2d at 904). If disbarment is within the appropriate range of sanctions, "[w]e are not in a position, nor authorized, to second-guess the highest state court on the sanctions it imposes." Attorney Discipline Matter, 98 F.3d at 1088 (quoting Randall, 640 F.2d at 904). Rather, we are empowered only to review the exercise of discretion by the district court in determining whether it should order the typical sanction of reciprocal discipline. See Attorney Discipline Matter, 98 F.3d at 1088-89.

Actions produce consequences; reckless actions sometimes beget tragic consequences. The consequences of Hoare's reckless actions, though unintended, were in no sense unforeseeable. Having considered Hoare's arguments and all of the relevant circumstances, we cannot say that the district court abused its discretion in concluding that the reciprocal discipline of disbarment would not result in grave injustice.

The order of disbarment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-