# United States Court of Appeals

## For the First Circuit

No. 03-8015

IN RE:  CHARLES G. WILLIAMS III,

Respondent.

ON ORDER TO SHOW CAUSE WHY RECIPROCAL

DISCIPLINE SHOULD NOT BE IMPOSED

Before

Selya, Lynch and Lipez,

Circuit Judges.

Charles G. Williams III on memorandum for respondent.

February 16, 2005

**Per Curiam**. In April of 2004, the Maine Supreme Judicial Court ordered Charles G. Williams III disbarred from the practice of law. According to the court's order, the evidence "established a pattern of client neglect, excessive fees, incompetency, unauthorized disclosure of financial information, failure to respond to orders of the Fee Arbitration Commission, and failure to respond to inquiries from Bar Counsel." Following that disbarment, this court issued an order to show cause why Williams should not be reciprocally disbarred. See Fed. R. App. P. 46(b)(2). The respondent attorney sought and was granted a hearing, Fed. R. App. P. 46(c), but thereafter failed to appear on the appointed date. We now order that he be disbarred from practice before this court.

A member of this court's bar who "has been suspended or disbarred from practice in any other court" is subject to reciprocal discipline. Fed. R. App. P. 46(b)(1)(A). An attorney who has been so disciplined must promptly inform this court of the disciplinary action. 1st Cir. R. Att'y Disciplinary Enforcement (Discip. R.) II.A. Upon receiving official notice of such discipline, the Chief Judge will refer the matter to a disciplinary panel appointed by him or her. Discip. R. II.B, V.A. The clerk of the court then serves the respondent attorney, personally or by certified or registered mail, with an order to show cause why substantially similar discipline should not be imposed. Discip. R. II.B.2. The order must contain a statement informing the

-2-

respondent attorney that any forthcoming request for hearing on the question of reciprocal discipline shall be made within thirty days after service of the order.  Id.

In the absence of a response, the disciplinary panel will impose discipline substantially similar to that imposed by the original court.  Discip. R. II.C.  If, however, a response is filed, the disciplinary panel will consider whether the respondent has demonstrated extenuating circumstances that warrant sanctions different from those imposed by the original court.  Id.  If a hearing is requested, that consideration will take place after the hearing.  Id.

Where, as here, action against an attorney is based on the imposition of discipline by a state court, the ultimate decision of the state court as to the type and kind of discipline meted out is "not conclusively binding" on this court.  In re Ruffalo, 390 U.S. 544, 547 (1968).  Nevertheless, this court is without jurisdiction, in a federal disciplinary proceeding, to disturb the state court's imposition of discipline, see D.C. Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1982); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and the state court's substantive findings ordinarily are entitled to a high degree of respect when this court is asked to impose reciprocal discipline, see, e.g., Theard v. United States, 354 U.S. 278, 282 (1957); Gadda v. Ashcroft, 377 F.3d 934, 943 (9th Cir.), cert.

denied, 125 S. Ct. 275 (2004); In re Surrick, 338 F.3d 224, 231 (3d Cir. 2003); cert. denied, 540 U.S. 1219 (2004); In re Hoare, 155 F.3d 937, 940 (8th Cir. 1998).

To accomplish its task, this court will undertake an "intrinsic consideration of the state record." Selling v. Radford, 243 U.S. 46, 51 (1917). Given that approach, "the record of prior disciplinary proceedings . . . [is] of substantial relevance in determining whether an attorney should be disbarred from practice." In re Cordova-Gonzalez, 996 F.2d 1334, 1336-37 (1st Cir. 1993) (quoting In re Evans, 834 F.2d 90, 91 (4th Cir. 1987)). It is the burden of the respondent attorney to ensure that this whole of the record is furnished to the court in a timely manner and to identify the parts of the record upon which he relies. See Fed. R. App. P. 28(a)(9)(A), Fed R. App. P. 28(e); see generally Discip. R. V.B (directing the respondent attorney to specify the basis on which any controverted facts are disputed).

As a general rule, discipline similar to that imposed in the state court will be imposed in a reciprocal proceeding. Exceptions may arise if this court finds (i) a deprivation of procedural due process (usually defined as a want of notice or opportunity to be heard), (ii) an infirmity of proof of misconduct such as would "give rise to a clear conviction on our part that we could not consistently with our duty accept as final the [state court's] ultimate conclusion," or (iii) the existence of some other

serious impediment to acceptance of the state court's conclusion. <u>Selling</u>, 243 U.S. at 51. This framework has been memorialized in Discip. R. II.C, which provides that, in reciprocal disciplinary matters, the panel will impose substantially the same discipline as was imposed by the original court unless it is persuaded:

> 1. that the procedure used by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

> 2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or

> 3. that the imposition of substantially similar discipline by this Court would result in grave injustice; or

> 4. that the misconduct established is deemed by the Court to warrant different discipline.

In addition to considering the state court record, this court will ordinarily afford the respondent attorney a hearing, if requested. In exceptional circumstances (and upon a proper showing), an evidentiary hearing may be granted in the panel's sole discretion. In the usual case, the hearing will be on the papers, supplemented by oral argument addressed to the respondent attorney's specific challenges to the conduct and outcome of the state proceedings. See <u>In re Jaffree</u>, 759 F.2d 604, 605 n.1 (7th Cir. 1985). The purpose of the hearing is not to afford the respondent attorney "an opportunity to retry the state case," <u>id.</u>,

but, rather, to afford him an opportunity to explain his position more lucidly to the disciplinary panel.

When all is said and done, the respondent attorney must carry the devoir of persuasion, by clear and convincing evidence, that imposition of reciprocal discipline is unwarranted. Surrick, 338 F.3d at 232; In re Kramer, 282 F.3d 721, 724 (9th Cir. 2002); In re Friedman, 51 F.3d 20, 22 (2d Cir. 1995). Given the limited nature of our inquiry, the norm will be for this court to impose discipline which is substantially similar to that imposed by the state court. See Hoare, 155 F.3d at 940.

In the case at hand, the show-cause order satisfied all applicable requirements, including those enumerated above. The respondent attorney filed a reply and requested a hearing. He then waived that request by his failure to appear.

We have nonetheless examined his response with care. The only cognizable infirmity that he alleges is that the State of Maine denied him due process.[1] In this context, however, due process concerns are limited to "want of notice or opportunity to be heard." Selling, 243 U.S. at 51. The respondent has proffered no credible evidence that the notice actually given was inappropriate or that the state did not afford him a

_____

[1]The respondent attorney's other claims are forfeit because he has failed to supply this court, despite several requests, with material portions of the record of the state court disciplinary proceeding.

-6-

constitutionally sufficient opportunity to be heard.  Thus, his due process claim fails.

We need go no further.  Cause not having been shown, we are constrained to impose upon the respondent reciprocal discipline substantially similar to that imposed by the Maine Supreme Judicial Court.  Accordingly, Attorney Charles G. Williams III is hereby disbarred from the practice of law before this court.

**So Ordered**.