# United States Court of Appeals
## For the First Circuit

No. 04-8016

IN RE: GEORGE E. KERSEY,

Respondent.

ON ORDER TO SHOW CAUSE WHY RECIPROCAL

DISCIPLINE SHOULD NOT BE IMPOSED

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

<u>George E. Kersey</u> on memorandum for respondent.

March 25, 2005

**Per Curiam**.    Attorney George E. Kersey was ordered disbarred by the New Hampshire Supreme Court in February 2004 and then, in reciprocal fashion, by a single justice of the Massachusetts Supreme Judicial Court in July of that year. Initiating our own reciprocal discipline proceeding in September 2004, we directed Kersey to show cause why this court should not impose a similar sanction.  Having reviewed his written responses and held oral argument, we now order that Kersey be disbarred from the practice of law before this court.

Our recent decision in In re Williams, 398 F.3d 116 (1st Cir. 2005) (per curiam), outlined the methodology that applies in this context.  "As a general rule," we stated, "discipline similar to that imposed in the state court will be imposed in a reciprocal proceeding."  Id. at 119.  An exception can arise if one of the circumstances listed in Selling v. Radford, 243 U.S. 46, 51 (1917), and memorialized in Rule II.C of this court's Rules of Attorney Disciplinary Enforcement (2002), is involved.  That rule provides that this court will impose substantially the same discipline as the original court unless it is persuaded:

> 1.    that the procedure used by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> 2.    that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its

> duty, accept as final the conclusion on that subject; or
>
> 3.  that the imposition of substantially similar discipline by this Court would result in grave injustice; or
>
> 4.  that the misconduct established is deemed by this Court to warrant different discipline.

1st Cir. Discip. R. II.C.  We also explained in Williams that the respondent attorney bore twin burdens in such a proceeding: first, to "ensure that th[e] whole of the record is furnished to the court in a timely manner and to identify the parts of the record upon which he relies," 398 F.3d at 119; and, second, to "carry the devoir of persuasion, by clear and convincing evidence, that imposition of reciprocal discipline is unwarranted," id.  We emphasized that "[g]iven the limited nature of our inquiry, the norm will be for this court to impose discipline which is substantially similar to that imposed by the state court."  Id.

The New Hampshire Supreme Court disbarred Kersey after finding him in contempt of court in three respects in connection with two of its orders.  See In re Kersey, 147 N.H. 659, 797 A.2d 864 (2002) (holding him in contempt); In re Kersey, 150 N.H. 585, 842 A.2d 121 (2004) (ordering disbarment).  Specifically, it concluded that Kersey had violated: (i) a September 2001 order by continuing to practice law after being suspended from practice; (ii) that same order by failing to turn over his client files to a designated attorney; and (iii) a December 2001 order by failing to

-3-

bring his client files to a scheduled hearing before a referee. Kersey now denies that he continued to practice law following his suspension and insists that he had a reasonable basis for refusing to produce his client files.

The continued-law-practice charge arose out of the following events. The state supreme court's suspension order was itself the product of a reciprocal discipline proceeding, which had been prompted by outstanding contempt citations in Vermont and an ensuing disciplinary sanction in Massachusetts. The September 2001 order suspended Kersey from the practice of law for three months, beginning on October 20, 2001. On October 19, Kersey appealed to the New Hampshire Supreme Court from the dismissal of a case he had brought on behalf of several clients. And the following month he filed two pleadings in that appeal. According to Kersey, his pursuit of the appeal did not violate the suspension order, inasmuch as he was there only for the purpose of challenging an award of attorneys' fees against him personally (and, therefore, he was the real party in interest). In other words, because he was representing himself rather than his clients--indeed, because only he (not his clients) had standing to pursue such a challenge on appeal--he was not engaged in the practice of law.

The state supreme court disagreed, noting that "[t]he appeal in question was filed by [Kersey] in his capacity as his clients' attorney, and stemmed from a case in which [he] was acting

as his clients' attorney." 797 A.2d at 866-67. Accordingly, when Kersey in November "filed with this court two pleadings ..., he violated the September order." Id. at 867. Kersey now claims that this analysis was flawed.[1]

An initial obstacle encountered by Kersey is that he has not supplied many of the relevant state court papers, despite our request that he do so (and despite his burden in this regard). In particular, we have none of the materials from the state court litigation--such as the award of attorneys' fees, the notice of appeal, and the two subsequent pleadings cited by the state supreme court. We thus cannot confirm, for example, that the fees award was directed only against Kersey personally. Regardless, even if we accept all of Kersey's factual allegations as true, we would still conclude that Kersey has failed to establish by clear and convincing evidence that a lesser sanction was warranted.

The state supreme court's finding that the suspension order was violated necessarily rested on a determination, as a matter of state law, that Kersey's pursuit of the appeal constituted the practice of law. In challenging that finding, Kersey is asking us to conclude, in essence, that the state court misapplied state law. It is not within the province of a federal

---

[1] Kersey also had two cases pending in federal district court during this period. While a referee relied on them as well in finding the continued practice of law, the state supreme court did not. Accordingly, we need not pursue Kersey's argument that the suspension order did not apply to federal litigation.

court to render such a judgment.  See, e.g., Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam) ("the views of the State's highest court with respect to state law are binding on the federal courts"); Noviello v. City of Boston, 398 F.3d 76, 91 (2005) (similar).  Nor is the state supreme court's analysis obviously flawed.  The court stated, and Kersey has not disputed, that he filed the appeal in his capacity as his clients' attorney.  We take this to mean that Kersey's intent to appeal only on his own behalf was not apparent from the face of his appellate pleadings.  It is hardly unreasonable, when a suspended attorney appears in court, to demand clear evidence of such intent from the outset.[2]

This raises a related consideration.  Even if Kersey's interpretation of the suspension order could be viewed as plausible at the time, it was by no means airtight.  The attorney who was to collect his client files, for example, had advised him that his position was untenable.  Under these circumstances, and especially where Kersey was serving a suspension precisely because of earlier contempt citations, his decision to press ahead without first seeking guidance from the state supreme court reflects a level of recklessness that is deserving of little sympathy.

_____

[2]  Nor, for that matter, is it even clear that the state court would adopt the standing principles upon which Kersey relies.  He has pointed to federal case law in this regard but has cited no relevant state precedents.

-6-

Kersey's refusal to hand over his client files, in violation of two court orders, further supports the state court's choice of discipline. To be sure, disbarment might well be unwarranted on the basis of these violations alone. The first order imposed no explicit command on Kersey in this respect; Kersey had what he presumably thought were legitimate reasons to withhold the files; his noncompliance was somewhat short-lived; and his former clients suffered no evident prejudice. In one respect, however, the second violation here could be deemed more egregious than the practicing-law offense: while Kersey might plausibly (if erroneously) have believed that his participation in the state appeal did not contravene the suspension order, he could have harbored no doubt that he was in direct defiance of the December order. These violations thus reinforce the reasonableness of the state court's sanction.

For these reasons, we conclude that cause has not been shown why reciprocal discipline substantially similar to that ordered by the New Hampshire Supreme Court should not be imposed here. Accordingly, Attorney George E. Kersey is hereby disbarred from the practice of law before this court.

So ordered.