# United States Court of Appeals
## For the First Circuit

Nos. 08-1879; 08-8040

IN RE RAFAEL OLIVERAS LÓPEZ DE VICTORIA,

Appellant/Respondent.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Selya, Circuit Judges.

Rafael Oliveras López de Victoria pro se.

March 17, 2009

**PER CURIAM**. This case concerns the suspension of an attorney from the practice of law in two consolidated reciprocal discipline matters.

On January 24, 2008, the Supreme Court of Puerto Rico indefinitely suspended attorney Rafael Oliveras López de Victoria from the practice of law, finding he had violated Rules 35 and 38 of the Puerto Rico Professional Ethics Code. In re Oliveras López de Victoria, 2008 TSPR 15 (P.R. 2008) (per curiam). The suspension was based on findings that Oliveras López de Victoria had filed a motion in a lawsuit to withdraw funds consigned in a lower court for a client without mentioning his knowledge that his client had died, which was a material fact. Oliveras López de Victoria attempted to have the court issue two checks: one in favor of his deceased client and another in his name. The Supreme Court found that he had tried to mislead the lower court and that his motivation was to collect his attorney's fees. Oliveras López de Victoria was also found to have lied to the lower court by stating that there were no minors involved in the case, even though he had listed such a minor in an earlier inheritance action.

Eventually, Oliveras López de Victoria disclosed to the lower court judge the death of his client and that there was a minor involved. Confronted by that judge with his misstatements, he did not deny making the misstatements, but attempted to excuse them.

Thereafter the Puerto Rico Attorney General filed a disciplinary complaint with the Supreme Court, which appointed a Special Commissioner to receive evidence and submit a report. The Supreme Court relied upon the facts of record and that report.

The Supreme Court found Oliveras López de Victoria had knowingly violated the Professional Ethics Code and rejected his justification that this was a result of mere error and his mitigation argument that he had been in poor health. The court noted that Oliveras López de Victoria had used groundless allegations before the Special Commissioner that his signature was forged in an attempt to avoid the consequences of the disciplinary proceeding. In light of the facts and considering that respondent had had prior disciplinary action taken against him, the court suspended him indefinitely from the practice of law.

On May 27, 2008, the U.S. District Court for the District of Puerto Rico, under its reciprocal discipline procedures, see D.P.R. R. 83.5(j), suspended Oliveras López de Victoria indefinitely. The order stated that he would remain suspended from the bar of the district court "until the Supreme Court of Puerto Rico reinstate[d] him to the practice of law or otherwise modifie[d] the indefinite suspension."

On July 11, 2008, we ordered Oliveras López de Victoria to show cause why he should not similarly be disciplined before this court. He responded by filing a brief and an appendix. He

was required to provide English translations of documents in his appendix. In January 2009, he filed a supplemental brief with the translated documents.

Before us is both Oliveras López de Victoria's appeal from the district court order of suspension and his response to the order to show cause from this court. We heard oral argument from Oliveras López de Victoria on March 2, 2009.

Oliveras López de Victoria argues that his due process rights in his disciplinary proceedings in the Puerto Rican court were violated. The purported violation is based on his argument that the Puerto Rico Supreme Court was required in 2005 to grant his motion to appoint a handwriting expert, and that if the court had done so, the expert would have concluded that the signature on the August 9, 2001 motion filed in the lower court was not his. Furthermore, Oliveras López de Victoria claims his right to due process was violated when the Supreme Court refused to reopen the disciplinary proceedings after he later submitted to it reports from an expert calligrapher, dated February 6, 2008 and September 19, 2008, which stated the signature on the motion in the lower court was a forgery.

He also asks that this court disagree with the conclusion of the Puerto Rico Supreme Court that the evidence he provided in mitigation did not warrant imposition of a lesser discipline. The

mitigating evidence was that he was very ill and frequently hospitalized at the relevant times.

Oliveras López de Victoria also makes various arguments that the Puerto Rico court overstated the factual findings, that his errors were not grave, and that the sanctions imposed were not commensurate with the discipline imposed in similar cases before the Puerto Rico Supreme Court or the U.S. District Court for the District of Puerto Rico. We have considered his arguments.

Our standards for imposing reciprocal discipline are clear and are set forth in In Re Williams, 398 F.3d 116 (1st Cir. 2005) (per curiam). "As a general rule, discipline similar to that imposed in the state court will be imposed in a reciprocal proceeding," unless this court is persuaded

> 1. that the procedure used by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> 2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or
> 3. that the imposition of substantially similar discipline by this Court would result in grave injustice; or
> 4. that the misconduct established is deemed by the Court to warrant different discipline.

Id. at 119 (quoting 1st Cir. R. Att'y Discip. Enf. (Discip. R.) II.C); see also Fed. R. App. P. 46(b)(1)(A).

Moreover,

> [w]here . . . action against an attorney is based on the imposition of discipline by a state court, the ultimate decision of the state court as to the type and kind of discipline meted out is "not conclusively binding" on this court. Nevertheless, this court is without jurisdiction, in a federal disciplinary proceeding, to disturb the state court's imposition of discipline, and the state court's substantive findings ordinarily are entitled to a high degree of respect when this court is asked to impose reciprocal discipline.

In re Williams, 398 F.3d at 118 (citations omitted) (quoting In re Ruffalo, 390 U.S. 544, 547 (1968)).

Ultimately, the burden is on Oliveras López de Victoria to show, "by clear and convincing evidence, that the imposition of substantially similar discipline is unwarranted." In re Barach, 540 F.3d 82, 85 (1st Cir. 2008) (per curiam).

None of the conditions which would warrant our imposing no discipline or different discipline have been met here. See Discip. R. II.C. There was no denial of due process; respondent had full notice and opportunity to be heard. There was no due process violation in the Supreme Court's rejection of his last minute about-face, claiming for the first time that he did not sign the motion. Indeed, as the Supreme Court noted, that effort undermined his own claim. There was no question of proof as to the misconduct -- respondent admitted misconduct before the lower court and only later made a last ditch effort to shirk responsibility by claiming his signature was forged. There is no grave injustice

involved in honoring Puerto Rico's own choice of discipline, and we have no reason to impose a lesser discipline.

We also review the district court's decision to impose discipline for abuse of discretion.  See In re Zeno, 504 F.3d 64, 66 (1st Cir. 2007) (per curiam).  The district court did not abuse its discretion by imposing reciprocal discipline on Oliveras López de Victoria.

We affirm the district court's imposition of discipline. We impose a suspension from the bar of this court until the Supreme Court of Puerto Rico reinstates Oliveras López de Victoria to the practice of law or otherwise modifies the indefinite suspension. Oliveras López de Victoria may apply for reinstatement in the federal court system if the Supreme Court of Puerto Rico alters his status.

So ordered.