Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 19-8010

IN RE HAROLD HALEY BURBANK, II,

Respondent.

ON ORDER TO SHOW CAUSE WHY RECIPROCAL
DISCIPLINE SHOULD NOT BE IMPOSED

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

Harold Haley Burbank, II pro se.

October 28, 2019

**Per Curiam.** On January 24, 2018, the Supreme Judicial Court of Maine ("SJC") imposed upon Harold Haley Burbank, II ("Burbank") a twelve-month suspension from the practice of law, which in turn prompted this court to issue an order to show cause why it should not impose reciprocal discipline. Having carefully considered the arguments Burbank advanced in his brief and during his hearing before our disciplinary panel, we now order that Burbank be suspended from practice before this court for a period of twelve months *nunc pro tunc* to run concurrently with his Maine suspension, and he may seek reinstatement in this court when and if he is reinstated in Maine.

We lay out some basic facts to provide context and round out the foundation of the disciplinary proceedings. This proceeding stems from a property dispute between Burbank's neighbors and eighteen members of Burbank's family, including Burbank.[1] The neighbors filed suit, seeking grant of a prescriptive easement, conversion, and punitive damages regarding a small piece of property co-owned by Burbank and his family members. Burbank represented himself and three co-owners (his

---

[1] The neighbors had been using for decades, without issue or objection, beach-access stairs adjacent to Burbank's Northport, Maine property to descend an embankment -- they would then cross a small portion of Burbank's property in order to get to the beach. Burbank took it upon himself to report the stairs as a zoning violation and, ultimately, he removed the stairs (contrary to an advisement from the town and against the wishes of his fellow co-owners), giving rise to this lawsuit.

father, sister, and brother); the remaining family members, separately represented, filed a cross-claim for partition by sale of property.

In finding in favor of the neighbors across the board (and also granting the petition for partition), the Maine Superior Court concluded Burbank's actions demonstrated "malice." The court levied a $20,000 judgment ($15,000 of that was punitive damages) in light of "all the aggravating and mitigating factors indicated by the evidence, the reprehensibility of [Burbank's] conduct toward the [neighbors], and the harm caused to the [neighbors]." Lincoln v. Burbank II, 2015 WL 10134783 at *18 (Me. Super. Aug. 11, 2015). Burbank appealed.[2]

The SJC, sitting as the Law Court, affirmed, adding $10,000 in sanctions for Burbank's "repeated misconduct" in prosecuting the appeal: he "state[d] facts not in the trial court record"; raised issues but provided "no further argument"; and argued issues that were "meritless," "frivolous," and "devoid of legal authority." Lincoln v. Burbank, 147 A.3d 1165, 1172-79 (Me. 2016). The Law Court explained that "Burbank [] consistently disregarded standards of law and practice that govern appellate review," and his "efforts ha[d] been disrespectful to the proper role of the trial court, unfair to and expensive for the other

---

[2] Burbank initially was represented by counsel -- when she withdrew, Burbank proceeded pro se.

parties, and contrary to Maine appellate law." Id. at 1179. The Law Court also concluded that "Burbank's frivolous and baseless actions [were] egregious conduct that [] confused the issues on appeal, delayed final resolution of th[e] matter, and significantly [drove] up the costs to other parties." Id.

The Board of Overseers commenced an investigation and then disciplinary proceedings. The matter was then referred to the SJC, where Burbank's actions continued to be "problematic." Based on the SJC's findings and conclusions in the underlying case, taken together with the evidence the SJC heard at the disciplinary hearing, the SJC ordered the suspension of Burbank based on his violations of the Maine Rules of Professional Misconduct.[3] Bd. of Overseers of the Bar v. Burbank, No. BAR-17-12, 5-8 (Me. Jan. 24, 2018).

As for the penalty to be imposed, the SJC observed there were "*many* aggravating factors" and "*some* mitigating factors." Id. at 7. As for the aggravating factors, the SJC considered the seriousness of the misconduct and the fact that he "caused substantial injury to the parties" and wasted judicial resources. Id. But the SJC also noted that Burbank had no prior disciplinary

---

[3] Rules violated included Rule 1.1 (requiring competence), Rule 1.3 (requiring diligence), Rule 3.1 (barring frivolous and bad faith arguments), Rule 3.4 (barring attorneys from "knowingly disobey[ing] an obligation under the rules of a tribunal"), and Rule 8.4 (barring violations of these Rules and "engag[ing] in conduct that is prejudicial to the administration of justice").

- 4 -

record in Maine alongside the stress he was under due to his father's poor health and Burbank suffering a stroke himself. Id. Additionally, the SJC recognized that Burbank had provided competent legal representation in Maine in the past, and while not all of Burbank's misconduct was deliberate, as a practicing attorney he "should have known that his conduct was far afield from the standards expected of a reasonably competent attorney, and that his actions constituted misconduct." Id. at 7-8.

On balance, those factors added up to the imposition of a twelve-month suspension with the requirement that Burbank petition for reinstatement.[4]  Back in Connecticut, Burbank's primary residence and practice jurisdiction, the Superior Court, Office of Chief Disciplinary Counsel v. Burbank, No. DN HHDCV 186088744-S, ¶ 3 (Conn. Super. Ct. June 4, 2018), and then the United States District Court for the District of Connecticut, In re Burbank, No. 3:18-gp-00006 (MPS), 1 (D. Conn. Nov. 8, 2018), imposed reciprocal suspensions.

Upon receiving the SJC's order, this court initiated its own disciplinary proceedings through an order to show cause why substantially the same discipline should not be imposed. Indeed, our inquiry is limited to the appropriateness of imposing

---

[4] The Maine suspension was entered on January 24, 2018, so Burbank is now eligible for reinstatement, however he has not petitioned for reinstatement; the $10,000 and $20,000 in sanctions and damages remain unpaid.

reciprocal discipline in this court, and our standards for doing so "are clear and are set forth in In re Williams, 398 F.3d 116 (1st Cir. 2005) (per curiam)." In re Oliveras López De Victoria, 561 F.3d 1, 3 (1st Cir. 2009). We impose substantially similar discipline to that imposed in the state court unless the respondent persuades us

    1. that the procedure used by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

    2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or

    3. that the imposition of substantially similar discipline by this Court would result in grave injustice; or

    4. that the misconduct established is deemed by the Court to warrant different discipline.

In re Williams, 398 F.3d at 119 (quoting 1st Cir. R. Att'y Discip. Enf. (Discip. R.) II.C)); see also Fed. R. App. P. 46(b)(1)(A). The respondent bears the burden to demonstrate "by clear and convincing evidence . . . that the imposition of substantially similar discipline is unwarranted." In re Barach, 540 F.3d 82, 85 (1st Cir. 2008). "Given the limited nature of our inquiry, the norm will be for this court to impose discipline which is substantially similar to that imposed by the state court." In re Williams, 398 F.3d at 119 (citing In re Hoare, 155 F.3d 937, 940 (8th Cir. 1998)); see also In re Kersey, 402 F.3d 217, 218 (1st

- 6 -

Cir. 2005).

In his lengthy response to the show cause order, Burbank appears to argue that:  he was deprived of due process in this court by virtue of improper service of the order to show cause; the SJC didn't consider his health issues when imposing its discipline; the SJC violated his rights under a United Nations treaty; and the Maine courts and this court committed a variety of violations of his constitutional rights.[5]

As we review these arguments, we will "treat the state court's factual findings with a high degree of respect," In re Barach, 540 F.3d at 84 (citing In re Williams, 398 F.3d at 118), even as we "fully consider the state record" in determining whether reciprocal discipline is warranted, id. (citing Selling v. Radford, 243 U.S. 46, 51 (1917)).

Overall, we are not persuaded by Burbank's conclusory and haphazard arguments, most of which seek to relitigate the SJC's disciplinary proceedings or request dismissal of the "federal complaint" against him.  First, we reject Burbank's service- and notice-related contention that the case (our disciplinary inquiry,

_____

[5]  To the extent Burbank's attacks on the SJC's disciplinary proceedings and fact-finding are a plea for us to do something about the discipline the SJC imposed, we note only that this court "lack[s] jurisdiction in a federal disciplinary proceeding to vacate or modify the state court's imposed discipline."  In re Barach, 540 F.3d 82, 84 (1st Cir. 2008) (citing In re Williams, 398 F.3d at 118).

we assume) must be dismissed because he says the SJC's disciplinary decision was not attached to our show-cause order. Even if this argument would fit the bill for one of the four enumerated grounds for not imposing substantially similar discipline, and further assuming the SJC's decision was not attached, as he says, Burbank has suffered no prejudice since he already had a copy of the SJC's decision -- he conceded as much to this panel at oral argument.

Next: Burbank's claim that he's "clearly exempt[ ] from ethics rules due to diagnosed medical incapacity," and his assertion that his health was not adequately considered by the SJC. But we're not aware of -- and Burbank does not direct us to -- any authority supporting his take on the rules of professional conduct. And the second piece is easily disposed of since the SJC explicitly listed Burbank's health among the mitigating factors it carefully weighed.[6]

We collapse Burbank's remaining big-ticket arguments into one: constitutional and treaty-based violations, all of which we reject as nonstarters, and most of which do not relate to any of the four enumerated grounds that must be shown to persuade us not to impose substantially similar discipline. For example, Burbank says Maine's discipline, along with our own reciprocal

---

[6] Burbank also advances an Eighth Amendment argument that the SJC disregarding his health is cruel and unusual punishment, but again, the SJC did consider his health. For this reason (and others we need not get into), this is another baseless assertion.

discipline inquiry, are in contravention of his rights under a United Nations treaty, which he says allows him to protect his family and therefore renders his "frivolous" arguments not so frivolous since they were made for that purpose.[7]  But even taking that novel and devoid-of-legal-authority argument as true, Burbank does not tell us -- and we do not see -- how it advances any of the grounds for us not imposing substantially similar discipline in his case.  And, along those same lines, he says his arguments were protected political speech, but that flies in the face of our precedent.  See, e.g., In re Zeno, 504 F.3d 64, 66 (1st Cir. 2007) (explaining that an attorney's "free speech" during litigation is "extremely circumscribed," and an attorney cannot rely on the First Amendment to bring any legal theory he wishes without risk of sanction or discipline) (quoting Gentile v. State Bar of Nevada, 501 U.S. 1030, 1071 (1991)).

Burbank also points to the Fourteenth Amendment in support of his position that the Maine proceedings and this "federal complaint" were deficient and constitute a due process violation because he was never informed of the specific claims against him.  This lacks merit.  To the extent Burbank is attacking the proceedings before the Law Court, that court's procedure is

---

[7] Burbank mostly just copied and pasted from the treaty with little effort at developed argumentation, but the family-protection angle is something he somewhat attempts to develop. That's the only part of his treaty-based argument we spill ink on.

- 9 -

not our focus[8] -- we instead look to the proceedings before the SJC, which bear no indicia of any due process shortcomings. Indeed, the SJC provided sufficient notice to Burbank of the allegations against him, time to respond, and, ultimately, a testimonial hearing before imposing a suspension from practice. For our part, this court notified Burbank of the claims against him in the show-cause order. We see no defect at all, let alone one so severe as to constitute a deprivation of due process in the notice and opportunity to be heard. See In re Williams, 398 F.3d at 119-20; Discip. R. II.C(1).

And we reject out of hand Burbank's conclusory position that he has demonstrated that the imposition of reciprocal discipline would occasion grave injustice. See In re Williams, 398 F.3d at 119; Discip. R. II.C(3). This was not adequately developed by Burbank and, in any event, lacks merit.

We therefore impose upon Burbank a twelve-month suspension from the bar of this court *nunc pro tunc* to run concurrently with his Maine suspension. If and when Maine

---

[8] But we do note that the Law Court's decision itself put Burbank on notice of the misconduct allegations that would follow, spending a great many pages describing in detail Burbank's misconduct before concluding it warranted sanctions, Lincoln, 147 A.3d at 1172-79, even going as far as to write that "Burbank has had both notice of the potential for sanctions on this appeal (and similar notice at the trial court level), and an opportunity to be heard on the motion for sanctions, which he treated with the same disregard for deadlines as he has treated other court rules," id. at 1176.

reinstates Burbank to the practice of law, Burbank may seek reinstatement in this court.

So ordered.